RICHARD CULLEN *vs.* HENRY H. BELL.

April 30, 1890.

**Real-Estate Agents—Commissions—Abortive Negotiation with Customer—Subsequent Sale by Owner.**—Where a land-owner agrees with an agent to pay him a specified gross sum if he will procure a purchaser of a lot of land at a stipulated price, the agent cannot recover the sum agreed on as his commission without procuring a purchaser able, ready, and willing to pay such price; and where negotiations by the agent with one who contemplates buying at some price are not concluded, and the same are voluntarily broken off by the customer, and he afterwards purchases the same property directly from the owner at a less price, the agent is not entitled to recover.

Appeal by plaintiff from an order of the district court for St. Louis county, *Stearns,* J., presiding, setting aside a verdict of $2,500 in his favor, and granting a new trial.

*Tear & Davies,* for appellant.

*White & Reynolds,* for respondent.

VANDERBURGH, J. The plaintiff seeks to recover of the defendant the amount of his commissions for the sale of certain real estate of the latter. He alleges that the defendant agreed to pay him a commission if he found a purchaser for the land, and that plaintiff entered into negotiations for a purchase thereof with one Murphy, who through his instrumentality was made acquainted with the property and the ownership thereof, and who thereupon went to the defendant and purchased the same of him, and that plaintiff was the procuring cause of the sale of the lots, and the defendant consummated the sale with full knowledge of the fact that the purchaser was procured through plaintiff's agency. The undisputed evidence, however, shows that the plaintiff, who was a real-estate agent, had correspondence with Murphy, and at his instance he had been induced to visit Duluth for the purpose of examining property and prices. Defendant had previously authorized the plaintiff to sell the property at $75,000, and agreed to pay him a commission of $5,000 if he found a purchaser at that price. After examining the property, Murphy

objected to the price as too high, but expressed his willingness to buy it after a few days, upon his return to the city, if a reasonable reduction in the price could be secured; but the amount or price at which he might be induced to purchase was not fixed, agreed on, or mentioned. Thereupon the plaintiff had an interview with defendant on the subject, and a new and specific arrangement was made between them, by which the defendant fixed the price at $65,000, and plaintiff's commission at $2,500; and a memorandum in writing, expressing those figures, was given to the plaintiff by the defendant. The plaintiff in his evidence, it is true, states that he was to have $2,500 commission if he procured a purchaser; but it is clear, we think, that the contract, as testified to by both parties, must be construed to have been that the price was $65,000, and the commission to be $2,500, if a purchaser was found at that price, and defendant expressly refused to give plaintiff the exclusive agency. Murphy soon after returned, but had no further communication or dealings with the plaintiff, though he was notified by the latter that the price of the land was reduced to $65,000; but he subsequently entered into negotiations with defendant, and finally purchased the same of him at $60,000, with an allowance of $500 for commissions.

In this class of cases the agent is entitled to his commissions when he procures a purchaser able, willing, and ready to complete the purchase on the terms stipulated. *Hamlin* v. *Schulte,* 34 Minn. 534, (27 N. W. Rep. 301;) *Armstrong* v. *Wann,* 29 Minn. 126, (12 N. W. Rep. 345.) The terms fixed by the seller in the agreement with the agent here were clearly specified. He was offered $5,000 if he procured a purchaser of the premises at the price of $75,000, and afterwards $2,500 if he procured one at $65,000. *Non constat* that the seller agreed or would have done so, or was obligated, to pay him that commission or any commission if he procured a purchaser willing to pay only $60,000. Nor does it appear from the evidence in the case that the plaintiff had secured a purchaser at the agreed or any other price. He corresponded with him, called his attention to the property, and had received encouragement from him, and a general promise to buy if a reasonable reduction was made in the price; but negotiations proceeded no further, and the plaintiff *did*

not succeed in obtaining his consent to any definite proposition, but he thereupon voluntarily repudiated plaintiff's agency, and refused to have anything more to do with him. The plaintiff had not at that time earned his commission, and the sale was not afterwards consummated on the terms stipulated with the agent, nor in pursuance of, or in fulfilment of, any agreement negotiated by him. The plaintiff had no exclusive agency of the property. The defendant retained the right to sell, and he was not precluded from selling to Murphy before the plaintiff had concluded an agreement with him, if there was no fraudulent interference or device to escape the payment of a commission, which does not appear. *McArthur* v. *Slauson,* 53 Wis. 41, (9 N. W. Rep. 784.)

Order affirmed.