ALEXANDER CATHCART *vs.* GEORGE V. BACON.

July 24, 1891.

**Real-Estate Agent—Commission—Transaction between Principal and Purchaser.**—The plaintiff, a real-estate agent, was authorized by defendant to procure a purchaser for a house and lot at a stipulated price. The agency was not exclusive, and the defendant retained the right to sell. The plaintiff found a party who desired to purchase the property, but who did not promise or agree with him to do so, and who is not shown to have been willing to pay the price stipulated, but who soon af er went directly to the defendant, and purchased the lot on different terms. The defendant acted in good faith, and without notice of the previous negotiations between the purchaser and the plaintiff. *Held,* that the plaintiff was not entitled to a commission or brokerage for his services.

Action brought in the district court for Ramsey county, to recover $1,050 as commission on a sale of real estate. Trial before *Cornish,* J., who ordered a dismissal at the close of plaintiff's case. Appeal by plaintiff from an order refusing a new trial.

*R. K. Boney* and *J. F. Fitzpatrick,* for appellant.

*Lusk, Bunn & Hadley,* for respondent.

VANDERBURGH, J.   The defendant was the owner of a house and lot in the city of St. Paul, which he was offering for sale at the price of $40,000.   This fact came to the plaintiff's knowledge in May, 1890.   He was then a real-estate agent, doing business in the city, and on his application was authorized by defendant to procure a purchaser at the price named, no other terms being mentioned or authorized.   The plaintiff accordingly showed the property to several parties, but up to September, 1890, had found no one willing to purchase at the price.   In the mean time defendant had removed to Chicago.   About September 4th plaintiff called the attention of one Maxfield to several pieces of property he had for sale, including this, and named the price, and advised him to buy it.   Within a day or two afterwards Maxfield went to Chicago of his own motion, and purchased the property directly from the defendant, who had no notice of any

previous talk or negotiations between plaintiff and the purchaser. By the terms of the sale as agreed on, the defendant was to receive in exchange, and as part of the purchase price, another house and lot at the price of $8,000, and $14,000 in cash; balance, $18,000, to be secured by mortgage. The plaintiff claims to be entitled to his regular commissions as a real-estate broker for procuring the purchaser. The action was dismissed upon his own evidence, and, we think, properly. The defendant was at liberty to sell the property himself. He had no knowledge of the instrumentality of the plaintiff in the premises, and dealt with the purchaser as an original applicant in good faith, and made new terms of sale. It does not appear that Maxfield was at any time willing to pay $40,000 in money, and plaintiff was not authorized to make any other terms. He is not therefore shown to have procured a purchaser ready and willing to buy upon the terms stipulated. Several months had elapsed, and there was nothing to put defendant upon inquiry in respect to plaintiff's alleged agency in the matter of inducing Maxfield to buy. Plaintiff did not therefore fulfil the terms of the contract of agency, nor are they shown to have been waived. Maxfield was not presented by the plaintiff as a customer procured by him, and defendant did not accept plaintiff's services as the basis of subsequent negotiations, and thereupon voluntarily modify the terms previously given; and there is no evidence of any bad faith or attempt to evade his responsibility to the agent. There was no waiver of the terms of plaintiff's agency, and the defendant cannot be bound by supposed obligations, in ignorance of the facts upon which they are based. *McArthur* v. *Slauson,* 53 Wis. 41, (9 N. W. Rep. 784.)

Order affirmed.