HENRY S. FAIRCHILD v. THOMAS H. CUNNINGHAM and Others.[1]

December 6, 1901.

Nos. 12,778—(111).

**Broker's Commission for Sale of Land.**

A real estate broker is not entitled to a commission for the sale of land unless he procures a purchaser who is able, ready, and willing to complete a purchase on terms named by, or which are, in the absence of an express agreement as to terms, satisfactory and acceptable to the owner.

**Same—Purchase Direct from Owner.**

Where negotiations by the broker with one who contemplates buying result in a definite proposition to the owner, who rejects the same, there being no agreement by which he is bound to accept it, and such negotiations are then abandoned voluntarily, the fact that the intending purchaser subsequently, and after the authority of the broker has terminated, buys the property direct from the owner, does not render such owner liable to the broker for a commission; there being no fraud in the conduct of the owner in rejecting the proposition made through his efforts.

**Same—Broker's Effort to Sell.**

Efforts of a real-estate broker to sell land after his authority from the owner to do so has terminated must be deemed to be voluntary, and are ineffectual to entitle him to a commission on a sale made by the owner himself subsequent to the expiration of such authority.

**Evidence.**

Evidence examined and considered, and *held* to be conclusive that long prior to the time of the sale of the land in question, for the recovery of a commission for services rendered in connection with which sale this

[1] Reported in 88 N. W. 15.

action was brought, the authority of the broker has ceased and terminated, and his efforts to effect a sale were not the procuring cause of the sale actually made by the owner.

Action in the district court for Ramsey county to recover $150, and interest, broker's commission for procuring a purchaser for real estate. The case was tried before Jaggard, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment in their favor notwithstanding the verdict or for a new trial, defendants appealed. Reversed, and judgment ordered for defendants.

*Bishop H. Schriber*, for appellants.

*Edward B. Graves* and *George B. Spencer*, for respondent.

BROWN, J.

This was an action to recover by a real-estate broker a commission alleged to have been earned by a sale of real estate through his agency. Plaintiff had a verdict in the court below, and defendants appealed from an order denying their alternative motion for judgment notwithstanding the verdict of the jury, or for a new trial.

There is no substantial controversy about the controlling facts in the case. They are as follows: In the year 1899 defendants were the owners of a lot situated in the city of St. Paul. They gave plaintiff authority to sell the same; the price being fixed at the sum of $6,000, and the authority so given to continue for the period of ninety days. The lot was fifty feet by one hundred fifty feet in size. Plaintiff, being unable to find a purchaser for the lot at the price named, suggested to defendants that it be subdivided and put upon the market in small tracts. It is claimed by plaintiff that the defendants consented to this arrangement, but defendants deny it. It is not, however, important whether the parties agreed with respect to so subdividing the lot. After having subdivided it in accordance with his ideas, plaintiff received a proposition to purchase one of the subdivisions from one Yungbauer, who offered to pay therefor the sum of $2,100. The proposition was submitted to defendants, and by them rejected. Subsequent to this time plaintiff made other efforts to find purchasers

for the lot, but was unsuccessful. After the rejection of the offer made by Yungbauer, the relations between plaintiff and defendants with respect to the authority of plaintiff to sell the lot in question were fully and completely terminated. The evidence is conclusive upon this point. Plaintiff ceased his efforts to obtain a purchaser, and defendants entered into a contract with another real-estate broker,—one Lawton,—by which they gave to him the exclusive right and privilege of selling the lot for a period of thirty days. This arrangement was entered into early in June, 1899, and the contract so made with such other agent was thereafter extended for a further period of thirty days, finally expiring by limitation early in August of that year.

Some time previous to the expiration thereof, and during the month of July, Yungbauer called upon plaintiff to ascertain whether the lot was still in the market for sale, and offered the sum of $2,400 for the portion he had before attempted to purchase for $2,100, whereupon plaintiff inquired of defendants whether the lot was still for sale, and they informed him that it was not, and for the reason that an exclusive agency for the sale of the same had been given to Lawton. Here the matter dropped, as between plaintiff and defendants. Early in August, however, Yungbauer made application to the defendants personally, and negotiations between them resulted in the sale of one-half of the lot to him for the sum of $4,000. On the theory and claim that plaintiff procured Yungbauer as the purchaser of the lot, this action was brought to recover the commission provided for by the original agreement between plaintiff and defendants.

A large number of assignments of error are made and discussed in the brief of appellants, but only one of them need be considered. At the conclusion of the trial below the court was requested to instruct the jury to return a verdict for defendants on the merits of the case. This the court refused to do, and the refusal is assigned as error. We think, from a full consideration of the whole record, that the court should have so charged the jury. The decisive question in the case is whether the relations between plaintiff and defendants with respect to their authority to sell the lot were completely and absolutely terminated prior

to the time of the sale thereof by defendants to Yungbauer, and whether plaintiff's previous efforts to effect a sale to Yungbauer were the procuring cause of the sale made by defendants. That such relations were completely severed and terminated, and that plaintiff's efforts were not the procuring cause of the subsequent sale by defendants, is, in our judgment, conclusively shown by the undisputed evidence. Plaintiff was clothed in the first instance with power to sell the lot for $6,000. He could obtain no purchaser at that price, and subsequently endeavored to obtain purchasers by subdividing the lot into smaller tracts. He found no purchasers for the smaller subdivisions on terms authorized by or acceptable to defendants. He obtained an offer from Yungbauer, but it was rejected by defendants, and nothing came of it. After the rejection of this offer the relations between the parties terminated. The Yungbauer negotiations were dropped, and defendants gave the exclusive right to sell the lot to Lawton.

If it can be said that the relations between the parties were not completely ended, we cannot conceive of a case where such agency relations could ever be severed or brought to an end so as to preclude a possible claim by the agent for commissions. The law is thoroughly settled that, to be entitled to a commission for the sale of real estate, the agent claiming such commission must show that he procured a purchaser for the property, who was able, ready, and willing to purchase the same on terms named by, or, in the absence of an express agreement with respect thereto, on terms acceptable to, the owner. Unless he shows such facts, he is not entitled to recover. And where an agent opens negotiations for such a sale, fails to bring the intending purchaser to definite terms, and the negotiations are abandoned, he is not entitled to a commission, even though the owner of the property subsequently sells the same to the person with whom the agent previously negotiated. Wylie v. Marine, 61 N. Y. 415; Sibbald v. Bethlehem, 83 N. Y. 378; Armstrong v. Wann, 29 Minn. 126, 12 N. W. 345; Cullen v. Bell, 43 Minn. 226, 45 N. W. 428; Putnam v. How, 39 Minn. 363, 40 N. W. 258; Cathcart v. Bacon, 47 Minn. 34, 49 N. W. 331.

For the reasons that the relations between plaintiff and de-

fendants had been wholly terminated prior to the sale of the lot by defendants themselves, and that plaintiff was not the procuring cause of the sale,—there is no suggestion of fraud on defendants' part in rejecting the offer obtained by plaintiff from Yungbauer,—it is clear that the sale made by them had no reference to the negotiations begun by plaintiff, and he is not entitled to a commission. Whatever he did in that direction after the termination of his authority as defendants' agent, and during the time Lawton had the exclusive agency for the sale of the lot, must be deemed wholly voluntary on his part. After the termination of the agency his authority to act for defendants could be renewed only by new arrangements with them.

The case is altogether unlike Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426. In that case the authority of the broker was continuous, and negotiations begun by him were taken up and conducted to completion by the owner. In the case at bar the authority of plaintiff had long prior to the sale been wholly terminated, the negotiations begun by him to effect a sale had been abandoned by all parties, and the sale made by the owner was upon new terms and entirely independent negotiations. Under such circumstances, the agent is not entitled to a commission. Earp v. Cummins, 54 Pa. St. 394.

The evidence is conclusive that the plaintiff is not entitled to recover, and the court below should have directed judgment for defendants notwithstanding the verdict of the jury; defendants having requested a verdict in their favor at the trial.

Order reversed, with directions to the court below to enter judgment for defendants notwithstanding the verdict.