D. C. DAVIES v. T. A. THOMAS and Another.[1]

October 31, 1902.

Nos. 13,223—(129).

**Real Estate Broker—Evidence.**

> In an action by a land broker to recover a commission for finding a purchaser for defendants' land, counsel for the latter introduced in evidence a complaint in an action brought by plaintiff broker against said purchaser to recover damages on account of the latter's refusal to carry out and complete the alleged purchase. *Held*, that the trial court erred when it subsequently sustained an objection made by plaintiff's counsel to the introduction in evidence of a stipulation made by the parties to that action, and filed in court, in which plaintiff acknowledged the receipt of $90 in full settlement and payment of all claims and demands arising out of the alleged cause of action.

Action in the municipal court of Mankato to recover from defendants $120, broker's commission for procuring a purchaser of

[1] Reported in 91 N. W. 1100.

defendant's land. The case was tried before Shissler, J., who found in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendants appealed. Reversed.

*W. A. Funk*, for appellants.

*H. L. & J. W. Schmitt*, for respondent.

COLLINS, J.

Action brought to recover from defendants the sum of $120,— one dollar an acre,—alleged to be due as broker's commission for finding a purchaser for defendants' real property, pursuant to an agreement made between the parties. By their answer, defendants admitted the making of a contract with plaintiff, but alleged that the commission was to be fifty cents per acre, and denied that plaintiff found a purchaser or that he made a sale.

At the trial it appeared that one Butzer was the person relied upon as the purchaser, and plaintiff claimed and sought to prove that Butzer was able, ready, and willing to complete the trade as agreed upon. In opposition, the defendants contended that, although Butzer had agreed to take the land upon certain terms, he afterwards expressly and absolutely refused so to do, and the trade was lost through no fault of theirs. It appeared that plaintiff had obtained from defendants written authority to sell the land at $30 an acre, net to the latter; nothing being said as to commission. It was claimed that subsequent to this an oral agreement was made between the parties whereby plaintiff was to be entitled to a commission from defendants if he found a purchaser at the stipulated price. It was undisputed that subsequent to this oral agreement, if one was made, it was agreed in writing between the parties that plaintiff should be allowed to sell at $29 an acre, net to the defendants; nothing being said about a commission. It was also shown at the trial that plaintiff and Butzer entered into a written contract whereby the latter was to exchange certain land of his own for the tract in question; that the defendants approved and ratified this contract, and stood ready to perform on their part; and that Butzer refused to carry out the terms thereof, whereupon plaintiff notified them that he was unable to complete the trade because of Butzer's refusal. This notification was in

writing, and was very clear and explicit,—that the trade could not be completed. Later on, and upon other terms, defendants themselves traded their land to Butzer.

At the trial there was introduced in evidence a complaint in an action brought by this plaintiff against Butzer, in which the former sought to recover $1,500 damages for Butzer's refusal and failure to complete the trade as agreed upon in his written contract. In that complaint it was distinctly alleged that Butzer, after making the written contract, which was approved by these defendants as owners of the land, expressly and positively refused to complete it by executing and delivering a deed of his own land, or in any other manner. Counsel for the defendants then attempted to put in evidence a written stipulation, on file in the court, by which it appeared that this action for damages had been dismissed upon the merits, and that the plaintiff had received $90 in full payment of all claims and demands that he had against Butzer arising out of the cause of action set forth in the complaint. This was objected to as immaterial, incompetent, and irrelevant, and the objection was sustained. This ruling was erroneous, and a new trial must be had. This stipulation, in connection with the complaint before mentioned, which was already in evidence, tended to sustain the allegation in the answer that the plaintiff in this action did not find a purchaser able, ready, or willing to take the property. In fact, it was conclusively shown by these files that he did not find such a purchaser in Butzer.

This disposes of the case, but we deem it proper to call attention to other important points: The action brought by the plaintiff against Butzer was primarily based upon the contract between the former and these defendants, whereby plaintiff was authorized to sell defendants' land at $29 an acre net to them. Had he made the sale, his commission, if he secured any, would have to be paid by the purchaser, not by defendants. He would have no claim upon the latter for a commission arising out of that sale. How, then, can he maintain the present action for such commission? Again, he has recovered damages from Butzer arising out of the same transaction, and on account of the latter's refusal to complete the trade or purchase. To recover a commission from de-

fendants, he must show Butzer's willingness to complete that identical trade or purchase. To put it in another way, he has been compensated—fully, we must presume—by Butzer, because the latter refused to complete the contract and take the land, and then in this action is attempting to recover a broker's commission because Butzer stood able, ready, and willing to accept a deed. It would be somewhat remarkable if he could be allowed to recover in both actions. Again, when Butzer refused to carry out the trade the plaintiff notified defendants of this refusal, and apparently abandoned any effort to make a sale to him.

There is no claim in this case that defendants acted fraudulently when they afterwards dealt directly with Butzer. There is no rule of law which would compel them to refrain from selling to Butzer in order to escape liability for a commission, after this plaintiff had abandoned his attempt to make a sale. See Fairchild v. Cunningham, 84 Minn. 521, 88 N. W. 15. But this is not all. If there was a subsequent verbal agreement as to a commission based upon a sale, as authorized by the first written contract, at $30 per acre, it must have been superseded by the second, in which plaintiff was simply authorized to sell at $29 per acre, net to defendants. There is no claim that this second written contract was orally modified by an agreement as to commission.

Order reversed, and a new trial granted.