BALL V. DOLAN.

1. Where a broker's contract of employment provides for the payment of a
   fixed compensation for procuring a purchaser of real estate at a fixed
   price and upon terms prescribed by the owner, the broker is entitled to
   compensation on his contract only when he has procured a purchaser
   who is ready, willing, and able to purchase the property at the price
   and on the terms specified.

2. Where a broker's contract for services required a sale of 19 quarter sec-
   tions of land within 30 days at $9 per acre, the broker to receive $1 per
   acre commissions, an instruction, in an action for commissions on the
   contract, that if the jury found that plaintiff procured a purchaser for
   all the land within the time, who was able, ready and willing to pur-

chase, then plaintiff was entitled to recover the amount claimed, though only 16 quarter sections were sold to the procured purchaser, and by the owner himself, for a less sum than the price fixed in the contract—was not cured by a proviso requiring the jury to find that at the time the sale was finally consummated there still existed a contract between plaintiff and defendant to pay $1 per acre commissions.

(Opinion filed December 7, 1904.)

Appeal from circuit court, Brown county; Hon. J. H. Mc-Coy, Judge.

Action by Frank C. Ball against Charles R. Dolan    From a judgment in favor of plaintiff, defendant appeals.    Reversed.

*L. W. Crofoot* and *F. E. Campbell,* for appellant.

*John B. Hanton,* for respondent.

CORSON, P. J.    This is an action upon an express contract to recover $3040 for commission alleged to be due the plaintiff as agent or broker for the sale of certain real estate owned by the defendant.    Verdict and judgment being in favor of the plaintiff, the defendant has appealed.

The defendant answered by a general denial.    Defendant subsequently amended his answer by alleging that on or about the 1st day of August, 1901, plaintiff and defendant entered into a contract relating to the sale of 19 quarter sections of land, in words and figures as follows:    "Verdon, S. D. Aug. 1st, 1901.    Frank C. Ball, I have the following lands for sale, namely: 11 ¼'s in Brown county, So. Dak.  7 ¼'s in Spink county So. Dak.  2 ¼'s in Clark county, So. Dak., which I will sell at $9.00 per acre provided all are purchased at one time.    I will protect you on any purchaser you may send me within 30 days from date.    C. R. Dolan."    The defendant further alleges that on or about August 8, 1901, the plaintiff induced the defend-

ant to sell said 19 quarter sections of land to a customer pro-
duced by him at a less price than $9 per acre, and, as induce
ment therefor, plaintiff agreed to waive any profit which he
might have made by having sold said land at a greater price
than $9 per acre. It appears from the evidence that the de-
fendant was the owner of 19 quarter sections of land, and that
he was applied to by the plaintiff to fix the terms upon which
he would sell the same. After some conversation the defend-
ant agreed with the plaintiff that he would sell the quarter
sections for $9 per acre if they were all taken at one time and
within 30 days and thereupon the memorandum agreement
set out in the answer was drawn up by the plaintiff and signed
by the defendant. So far as the record discloses, no purchas-
er was found by Ball ready, willing, and able to pay the $9 per
acre, but a purchaser was found ready, willing and able to take
the property at something less than $8 per acre, and 16 of the
quarter sections were transferred to such purchaser or his
assignees. For some reason the defendant failed to transfer
the other three quarters. It was claimed by the plaintiff that
subsequently to the execution of the memorandum agreement
above set forth the defendant agreed, in case a sale was made,
to pay him $1 per acre as commission, and that subsequently;
upon consent to make the sale at a figure less than $9, he made
no change in the commission of $1 per acre which he had
agreed to pay the plaintiff. The jury seems to have taken this
view of the case, and found a verdict in favor of the plaintiff
for the whole amount claimed.

It is contended by the defendant that there was no com-
petent evidence that he agreed to pay the plaintiff any com-
pensation for his services as agent, except in the profits that

the plaintiff might derive from the sale of said land above
$9 per acre, and that the evidence admitted, over his objection,
that he agreed to pay the plaintiff $1 commission per acre, was
clearly error, as such alleged agreement was, under the evi-
dence of the plaintiff, shown to have been made at the same
time as the memorandum agreement in writing. It is further
contended by the defendant that, as the plaintiff never pro-
cured a customer ready, willing, and able to pay $9 per acre for
the 19 quarter sections, he was not entitled to any commission
under his special contract, even assuming that such a contract
was made as claimed by him. There was a serious conflict in
the evidence as to whether or not the defendant agreed to pay
the plaintiff $1 per acre commission on the sale of the land,
and there is doubt as to whether or not this alleged agreement
was not made at the time the memorandum agreement was
signed, and therefore inadmissible. But in the view we take
of the case, and for the purposes of this decision only, we
shall assume that the alleged agreement to pay $1 per acre
commission was an independent contract, made subsequently to
the execution of the written contract. There is also a sharp
conflict in the evidence as to what occurred in relation to the
sale of the property, or 16 quarter sections of the same, at a
less price than $9 per acre; but the fact may be regarded as es-
tablished that the property was not sold for $9 per acre, and
was in fact sold for less than $8 per acre. It is clearly estab-
lished that the plaintiff procured no purchaser ready, willing
and able to pay the defendant $9 per acre for the property.
In view of these uncontradicted facts, we are of the opinion
that the plaintiff could not recover $1 an acre commission up-
on the alleged express contract. The agreement so alleged

18 S. D.—36

was, in effect, to pay the plaintiff a commission of $1 per acre provided that he procured a purchaser for the land ready, willing, and able to pay $9 an acre within 30 days from the date of the agreement, and this, as we have seen, was never done.

The law relating to compensation of a real estate broker for commissions may be stated thus: When the contract provides for the payment of a fixed commission for procuring a purchaser of real estate at a price and upon terms prescribed by the owner, the broker is only entitled to compensation on his express contract when he has procured a purchaser who is ready, willing, and able to purchase the property at the price and upon the terms stated. When, therefore, a broker sues to recover a specific amount alleged to be due him upon an express contract for procuring a purchaser at a specified price and within a specified time, he must show, to entitle him to recover, that he has procured such purchaser who is ready, willing, and able to purchase at the price specified. It is not sufficient that he procures a purchaser who is willing to purchase the property at a less price, even though the owner accepts such lower price. In other words, it is only the application of the familiar principle that when one sues upon an express contract he must show that he has substantially performed all of its conditions on his part before he is entitled to recover. Where the broker sues upon quantum meruit, he has sometimes been allowed to recover the value of his services upon the ground which has been applied to other contracts that the owner cannot avail himself of the benefits of the broker's services without making some compensation therefor. Where the price is not fixed in the contract of employment, the brokor is entitled to recover upon

the acceptance of the price offered by the purchaser.  In Mc-Arthur v. Slauson, 53 Wis. 41, 9 N. W. 784, which was an ac-tion to recover upon an express contract to pay $500 for find-ing a purchaser for certain mortgages and tax certificates held by the defendant, the plaintiff claimed that in the contract of employment no price was fixed for the securities, but the de-fendant claimed that the plaintiff was to procure a purchaser able and willing to purchase the securities at a price equal to or greater than the face value of the securities.  The trial judge instructed the jury that if, before the sale was made, the plaintiff informed defendant that the purchasers were the men he had found to purchase the securities, and after such infor-mation the defendant made the sale, that would be a waiver on the part of the defendant of any stipulation in regard to the price the property should be sold for in the original contract between the parties.  In discussing the instruction of the cir-cuit court the learned Supreme Court of Wisconsin says:  "We think this charge in respect to waiver was calculated to mis-lead to the prejudice of the defendant.  On that question the instruction should have been that, in case the jury found that the plaintiff contracted to produce a person able and willing to purchase the securities at their face value, and he did produce such a purchaser, then, if the defendant, with knowledge of the fact, went and sold the securities for a less sum, this would amount to a waiver on his part of the stipulation as to price in the original contract.  The contract being as claimed by the defendant, then performance required the plaintiff to produce a purchaser able and willing to pay the full face of the securities.  This was a condition precedent to his right to recover the stipulated sum on the special contract."  The

court then proceeds to call attention to the distinction between the case before it and the decision in the case of Stewart v. Mather, 32 Wis. 344, and in making the distinction they call the attention to the fact that the action in that case was on quantum meruit, and not upon an express contract; and the court in its opinion further says: "The proposition of law laid down by the chief justice in the above remarks is doubtless sound when applied to the facts and agreements he was considering. But here the defendant claims that there was a special contract by which the plaintiff undertook to furnish him a purchaser who should be willing and ready to pay the full amount due on his securities, for which service he was to receive $500. If this was the contract, it was incumbent upon the plaintiff to produce such a purchaser, or he was not entitled to recover the stipulated compensation. If the plaintiff produced such a purchaser, and the defendant, knowing that fact, went and made a sale at a less price, this doubtless would amount to a waiver." The rule thus stated by the Supreme Court of Wisconsin seems to express the rule as laid down in the better reasoned cases and sustained by the weight of authority. In Scott v. Clark, 3 S. D. 486, 490, 54 N. W. 538, 540, this court laid down the rule as applicable to this class of cases as follows: "We think the rule is well settled that an agent or broker, when duly employed as such, is entitled to his commission when he has procured a party ready, able and willing to purchase upon the owner's terms, although the agent has not made an independent contract of sale with such purchaser." Hungerford v. Hicks, 39 Conn. 259; Tombs v. Alexander, 101 Mass. 255, 3 Am. Rep. 349; Babcock v. Merritt, 1 Colo. App. 84, 27 Pac. 882; Satterthwaite v. Vreeland, 3 Hun. 152;

Cullen v. Bell, 43 Minn. 226, 45 N. W. 428; Childs v. Ptomey, 17 Mont. 502, 43 Pac. 714; Fairchild v. Cunningham, 84 Minn. 521, 88 N. W. 15; Rees v. Spruance, 45 Ill. 308; Blodgett v. Sioux City & St. P. R. Co., 63 Iowa 606, 19 N. W. 801; Cathcart v. Bacon, 47 Minn. 34, 49 N. W. 331; McGavock v. Woodlief, 20 How. 221, 15 L. Ed. 884.

Among the instructions given the jury was the following: "I further instruct you that if you should find that the plaintiff and defendant had a contract wherein it was agreed that if the plaintiff should find a purchaser for 19 quarter sections of land at $9 an acre, owned or controlled by the defendant, and this purchaser be found within 30 days, and the said defendant was to pay the $1 per acre commission to said plaintiff in case of such finding of purchaser, and you should further find that the plaintiff procured a purchaser for all of the said land within the said time who was able, ready, and willing to purchase said land, then your verdict should be for the plaintiff for the amount claimed, namely, $3,040, even though you find only sixteen quarter sections of land were sold by said defendant to the procured purchaser, and that the sale was made by the defendant himself, and not by the plaintiff personally, and that the sale was made for a less sum than the original price fixed in the contract between said plaintiff and defendant, provided, of course, that you find that at the time this sale was finally consummated there still existed a contract to pay a dollar an acre. * * * If, from all the testimony in this case, you are satisfied that there was a contract in existence for the payment of one dollar an acre when this land was sold, and the purchaser stood ready to buy the other three quarters, then I instruct you that you must find for the plaintiff for the full

amount." These instructions were clearly erroneous, for the reason that the court omitted to state therein that the plaintiff found a customer, ready, willing, and able to take the property at the price fixed in the contract, namely, $9 per acre, and failed to add the condition that the purchaser stood ready to buy the other three quarters at the price named, namely, $9 per acre. It will be noticed that the court distinctly tells the jury that the plaintiff is entitled to recover if the "sale was made by the defendant himself, and not by the plaintiff personally, and that the sale was made for a less sum than the original price fixed in the contract between said plaintiff and defendant." Under the instructions of the court the jury might have found that the plaintiff was entitled to the full amount of $3,040 if he produced a customer, though the property was eventually sold by the defendant, without regard to the price obtained by the defendant for the property. This, as we have seen, is not the law. The plaintiff could only recover upon his alleged express contract by showing that he had procured a customer able, willing, and ready to take the property at the price specified, and the fact that he procured a customer, but one not able, willing and ready to take the property at the price specified, but at a less price, and that the property was subsequently sold by the defendant at a less price, would not entitle the plaintiff to a verdict upon his express contract. If the plaintiff had shown that he had produced a customer willing, able, and ready to take the property at the price agreed upon, namely, $9 per acre, and that the defendant had consented to take a less price, the plaintiff might have been entitled to a verdict for the amount of his commission specified in the contract. The learned circuit court seems

to have framed its instructions to the jury upon an erroneous theory. It is true the learned circuit court qualified the instructions by the clause if "you find at the time the sale was consummated, there still existed a contract to pay one dollar per acre." But this qualification did not cure the error in the instruction, as the meaning of the court by this qualification is somewhat uncertain. The original contract for a commission of $1 per acre still existed, but with the condition that a sale should be effected at $9 per acre, and the jury may have assumed that this was the contract referred to by the court.

The judgment of the circuit court and order denying a new trial are reversed.