CHARLES A. QUIST v. REUBEN S. GOODFELLOW.[1]

December 28, 1906.

Nos. 14,925—(100).

**Real Estate Broker.**

Where the owner of real estate, which he has listed with an agent for sale for a definite price, sells the same to a person who was induced to purchase it by the efforts of the agent, but in good faith and in ignorance of those efforts, and for a consideration less than that given the agent, he is not, there being no exclusive agency, liable for the commission agreed to be paid for the production of a purchaser ready, able, and willing to buy.

Action in the municipal court of Minneapolis to recover a commission of $462.50 in finding a purchaser for real estate. The case was tried before Waite, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*John Lind* and *A. Ueland,* for appellant.

*Jno. W. Arctander* and *John N. Berg,* for respondent.

BROWN, J.

Action to recover a commission alleged to have been earned by plaintiff in procuring a purchaser for certain real estate belonging to defendant. The court below, at the conclusion of the trial, directed a verdict for defendant, on the ground that the evidence was insufficient to justify recovery by plaintiff; and the latter appealed from an order denying his motion for a new trial. The only question presented is whether the court below erred in so directing a verdict.

The facts, briefly stated, are as follows: Some time in the fall of 1905 plaintiff and defendant had a conversation with reference to the sale by defendant of a tract of land owned by him in the city of Minneapolis. The result was an agreement on the part of defendant to sell the same for the sum of $18,500, and to pay plaintiff, should he procure a purchaser at that price, the usual commission allowed real estate brokers. Some time thereafter plaintiff entered into negotiations with one T. Gulbrandsen and endeavored to make a sale of the property

[1] Reported in 110 N. W. 65.

to him. Gulbrandsen offered the sum of $15,000, but the offer was re-- jected by defendant upon the same being communicated to him. After further negotiations between plaintiff and Gulbrandsen, the latter of-- fered to take an option on the property for thirty days at the sum of $18,500, $25 to be paid down. Defendant rejected this proposition also; but suggested to plaintiff that he induce Gulbrandsen to make a payment of $500. Plaintiff communicated this to Gulbrandsen, whose reply was, "Well, never mind, let it be for a few days. Drop the mat- ter for a few days."

Soon after this Henry J. Gjertsen called upon defendant, and after some negotiations entered into an executory contract for the purchase of the property for the sum of $18,000, $500 of which was paid in cash. The evidence tends to show that Gjertsen in fact represented. Gulbrandsen, and made the purchase for him, though in his own name, but defendant did not so understand, and Gjertsen assured him that the purchase was solely in his own interest, and in consideration of that fact, and the further fact that he would not be required to pay an agent's. commission, defendant reduced the price from $18,500 to even $18,000. Gjertsen made the cash payment of $500, and a contract for the sale of the land was then properly executed. In the course of two or three weeks, Gjertsen assigned this contract to Gulbrandsen, the person with whom plaintiff had negotiated, and who subsequently paid the pur- chase price and obtained a deed of the property. About six weeks later plaintiff discovered the fact that the property had been sold to Gulbrandsen through the Gjertsen transaction, and he made claim to a commission, asserting that he was the procuring cause of the sale; that Gjertsen was the representative of Gulbrandsen, in fact his agent; and that the transaction was carried on in his name for the purpose of depriving plaintiff of a commission. On this evidence the court be- low held that no cause of action was shown in plaintiff's favor.

A careful consideration of the record and the authorities bearing upon the question presented leads to the conclusion that the trial court correctly disposed of the case. There is no question but what plaintiff was authorized to make a sale of this property, and, had he procured and presented a purchaser ready, able, and willing to make a purchase on the terms prescribed by defendant, viz., $18,500, he would have earned his commission, whether the transaction was closed by him or-

by defendant. But plaintiff at no time presented Gulbrandsen as a purchaser ready or willing to purchase the property on the prescribed terms. His first offer was $15,000, which was rejected. He next attempted to obtain an option on the property, which defendant also rejected. Upon being informed that defendant had rejected his last offer, he requested that the matter be dropped for a few days; and within the next few weeks Gjertsen entered into the contract referred to, through which Gulbrandsen finally acquired title to the property. Plaintiff was not therefore entitled to a commission on the theory that he procured a purchaser ready and willing to buy the property at the price fixed by defendant. Putnam v. How, 39 Minn. 363, 40 N. W. 258; Cullen v. Bell, 43 Minn. 226, 45 N. W. 428; Fairchild v. Cunningham, 84 Minn. 521, 88 N. W. 15.

But plaintiff contends that he was in fact the procuring cause of the sale actually made; and is entitled to his commission, even though defendant did not know at the time of closing the transaction with Gjertsen that plaintiff's efforts were instrumental in bringing it about. It is insisted in this connection that the appearance of Gjertsen was a scheme to deprive plaintiff of the commission to which he would have been entitled had he perfected the sale. It is probable that the evidence on this subject was sufficient to take the question of the good faith of that transaction, as between Gjertsen and Gulbrandsen, to the jury. But, if all that plaintiff claims in this respect be conceded, still he is not entitled to a commission, in the absence of evidence tending to show that defendant, before he closed the sale to Gjertsen, knew that Gulbrandsen was the real purchaser, or the facts and circumstances before him were such as to put him upon inquiry. We find no evidence to justify the conclusion that defendant acted in bad faith, or knew, or ought in the exercise of reasonable care to have known, that Gulbrandsen was in any way connected with Gjertsen until long after the executory contract had been made and signed. On the contrary, it appears conclusively that defendant inquired of Gjertsen before entering into the contract whether he was buying the land for himself or whether he represented some one else. Gjertsen assured defendant that he was buying the property for himself and with his own money, and that he represented no other person in the transaction. The reason defendant took the precaution to inquire appears to have been that

he suspected that Gjertsen represented one Turnblad, and was endeavoring to buy the property for him. But there is no suggestion in the evidence that defendant knew, or had any reason to believe, that Gjertsen was representing Gulbrandsen. Under such circumstances plaintiff is not entitled to recover.

Some of the authorities hold that a real estate broker is entitled to his stipulated commission where his efforts were in fact the procuring cause of a sale, though made by the owner in good faith and in ignorance of his efforts; but such is not the law of this state. To entitle the broker to a commission in such case, where there is no exclusive agency, it must appear that the owner knew, or from the circumstances ought to have known, that the broker was instrumental in inducing the purchaser to enter into the contract. Such was the rule laid down in Cathcart v. Bacon, 47 Minn. 34, 49 N. W. 331; and it is the law in other states. Soule v. Deering, 87 Me. 365, 32 Atl. 998; Gamble v. Grether, 108 Mo. App. 340, 83 S. W. 306; Tinges v. Moale, 25 Md. 480, 90 Am. Dec. 73; Wylie v. Marine, 61 N. Y. 415. We are aware of the fact that the authorities are somewhat conflicting upon the subject (19 Cyc. 264), but the law is well settled in this state. The rule here applied has been regarded as the law of this state since the decision in the Cathcart case, and it is now too late to depart from it. Lemon v. De Wolf, 89 Minn. 465, 95 N. W. 316; Reishus-Remer Land Co. v. Benner, 91 Minn. 401, 98 N. W. 186; Henninger v. Burch, 90 Minn. 43, 95 N. W. 578.

Defendant became aware of the fact that Gulbrandsen was the real purchaser before the deed provided for by the Gjertsen executory contract was executed, but that contract was a binding obligation to convey the land. It was entered into in good faith by defendant, without notice of plaintiff's rights, upon terms differing from those given plaintiff as agent, and he was not required, when called upon for the deed, to repudiate the same, in order that the right of plaintiff to a commission might be secured. Indeed, there is no suggestion in the record that, had he attempted to rescind the contract, a sale would have been effected at all. He had the right, having entered into it in good faith, to proceed with the contract, carry out its provisions, and cannot now be charged with liability to plaintiff.

Order affirmed.