## ACTION TO RECOVER COMMISSION FOR SALE OF REAL ESTATE.

Court of Appeals for Hamilton County.

WILLIAM R. THOMPSON v. JOSEPHINE D. DORMAN.

Decided, July, 1914.

*Real Estate Agent—What He Must do to Earn a Commission—Purchaser Procured Must be Able, Ready and Willing to Fulfil His Part of the Contract.*

In an action for recovery of a commission for sale of real estate, the petition is demurrable where there is no allegation that the purchaser who was procured was able to buy the property on the terms proposed; and where the evidence fails to cure this defect by showing that the proposed purchaser was able, ready and willing to make the purchase, a motion to direct a verdict for the defendant should be granted.

*E. T. Brown,* for plaintiff in error.
*Adler, Kelley & Hauck,* contra.

SWING, J.

This cause came into this court on error to the judgment of the court of common pleas wherein William B. Thompson was plaintiff and Josephine D. Dorman was defendant.

The action was originally brought before James S. Myers justice of the peace, Cincinnati township, Hamilton county, Ohio, for a commission for the sale of real estate, the amount being for $80, 2 per cent. on $4,000, the amount of the alleged sale made by the agent. In the court of common pleas the court directed the jury to return a verdict for the defendant, and error is prosecuted in this court.

Plaintiff in his petition alleged:

"Plaintiff further says that on or about the 27th day of February, 1911, the defendant requested the plaintiff as such agent, to endeavor to procure for her a purchaser of said property. The plaintiff then agreed to comply with said request, and on or about the 21st day of March, did procure for said defendant a purchaser for said real estate, who thereupon entered into a written contract with said defendant to purchase said real estate for $4,000 upon terms agreed upon by and between said purchaser and said defendant. That without fault upon plaintiff's part said purchaser failed to carry out his said contract of purchase with said defendant, and said defendant because thereof refused and still refuses to pay said plaintiff his commission therefor."

The law in regard to what is necessary for a real estate broker to do in order to earn his commision is thus stated in *Fairfield* v. *Cunningham,* 84 Minn., 521:

"A real estate broker is not entitled to a commission for the sale of land unless he procures a purchaser who is able, ready and willing to comply and purchase on terms named by, or which are, in the absence of an express agreement as to terms, satisfactory and acceptable to the owner."

We think this is the well settled law.

In 124 Iowa, 457, in the case of *Flinn* v. *Jordel,* the court say:

"The contract furnished by a broker signed by the purchaser, furnishes no evidence of his ability to perform its conditions."

There is no allegation in the petition that said purchaser was able to purchase on the terms set forth in the contract, and we think with the lack of such allegation the petition was demurrable. The evidence offered at the trial fails to cure this defect in the petition because it does not show that the alleged purchaser was ready, willing and able to purchase, and because of the failure to make this showing, we think the court was right in directing the jury to return the verdict for the defendant.

We find no errors in the judgment of the court of common pleas, and the same will therefore be affirmed.

JONES (E. H.), J., and JONES (Oliver B.), J., concur.