[Civ. No. 5826. First Appellate District, Division Two.—September 7, 1927.]

W. H. MACK, Respondent, v. P. GAVELLO et al., Appellants.

C. F. Humphrey, Grant & Zimdars, and Cushing & Cushing for Appellants.

Herman Weinberger and Walter C. Fox, Jr., for Respondent.

STURTEVANT, J.—The plaintiff sued to recover compensation alleged to have become due and payable through a real estate transaction. The trial court made findings in favor of the plaintiff and the defendants have appealed under section 953a of the Code of Civil Procedure.

The plaintiff pleaded his case in two separate counts. The defendants did not interpose a demurrer but appeared and answered. Some uncontroverted facts are that prior to the

beginning of these transactions the defendants were attempting to locate a property which would be suitable for their business location and which they could purchase; that the Hotel Woodrow, located at 364 O'Farrell Street, in San Francisco, was such a property; that the plaintiff took the defendants to that hotel and showed it to them; that the hotel was owned by Mrs. S. R. Spotts; that it was heavily encumbered and that foreclosure proceedings were then being instituted; that the hotel was satisfactory and the estimated cost was satisfactory to the defendants; that on the eleventh day of August, 1921, the defendants executed and delivered to the plaintiff what the parties call "the second offer" to purchase the Hotel Woodrow, and that on the same day they delivered to the plaintiff a written authorization of employment to purchase for them the said hotel and that, on the same day, the plaintiff placed the offer before the owner of the Hotel Woodrow; that the offer was never rejected, but that the exact terms of the sale were not assented to by the parties thereto until August 16, 1921. The record discloses no attack as to the sufficiency of the writings. The plaintiff's contract contained no statement as to the length of time in which the plaintiff would be required to perform his contract. The parties do not controvert but what under these circumstances the plaintiff would have a reasonable length of time, and it is not asserted that he was dilatory; and, indeed, under the facts, it could not well be claimed that the plaintiff did not act with all due speed. Under the terms of his written employment, the plaintiff was to receive as his compensation the difference between $122,500 and the amount paid as the purchase price. The consummation of the transaction involved numerous disagreements between the plaintiff and the owner and her agent, and between the plaintiff and his employers. Among other things the defendants claim that the plaintiff abandoned the contract. On that issue the evidence was distinctly conflicting and the trial court made a finding thereon in favor of the plaintiff. The defendants asserted that they discharged the plaintiff. The same comment applies. It is not controverted but what an executory contract to buy and sell was executed August 16, 1921, and that the transaction was finally completed and that the defend-

ants obtained title to the property. ■ During the progress of the proceedings the defendants came forward and had interviews with the owner and her agent, and there is evidence to the effect that in so doing they expedited the consummation of the contract. In doing what they did they acted within their rights, but such acts did not so operate as to release them from their obligations to the plaintiff. ■ In finally closing the transaction the terms of the sale were slightly modified by the vendor and vendee. The total cost remained at $115,000; but the amount actually paid the owner consisted of $7,500 cash and a trust deed in the sum of $7,500 instead of a trust deed in the sum of $15,000 as provided in the second offer. The undisputed facts are that it was readily accepted by the defendants. The modification therefore constituted no defense in this case. (*Twogood* v. *Monnette*, 191 Cal. 103 [215 Pac. 542] ; 9 C. J., p. 601, sec. 89.)

■ The defendants contend that as there was no time limit in the so-called obligation of August 11, 1921, within which the consent of the owner to a sale should be obtained, the defendants had the power to cancel the obligation at any time before the owner signed the obligation agreeing to sell. That contention may be conceded, but the trial court made a finding that these defendants did not cancel the obligation. The evidence was conflicting—so conflicting that the trial court intimated at times that witnesses for the defendants were reckless in their statements and that the trial court did not believe them. Such findings may not be ignored.

■ The defendants also contend that before the plaintiff could recover it was essential that he secure an owner, who was able to transfer a good and marketable title, an agreement in writing whereby the owner would agree to sell upon the terms stated in the written authorization. The vice in this contention is that according to the findings of the court the plaintiff did all these things. Of course we realize that the defendants are taking the position that they did some of them but to that the plaintiff may properly reply that conceding the defendants did assist the fact is no defense. They need not have given assistance. Having employed the plaintiff to consummate the contract, they need

not have further concerned themselves. But having come forward and participated in the consummation of the contract the defendants did not thereby preclude the plaintiff from any of his rights under the contract. · (*Blumenthal* v. *Goodall*, 89 Cal. 251 [26 Pac. 906] ; *Quist* v. *Goodfellow*, 99 Minn. 509 [8 L. R. A. (N. S.) 153, 110 N. W. 65] ; 9 Ann. Cas. 431, note on page 434.)

The trial court made a vast number of findings. The defendants attack some twenty of the findings as being unsustained by the evidence. We have carefully examined all of those attacks and find no merit in them. Within the mass of irrelevant matter in the record, we have indicated there were material facts on which the plaintiff had a clear right to recover. On each and every element that was material to that right the findings are supported by the evidence. As to some immaterial matters it may be conceded that the findings are not supported. For example, both parties pleaded some of their evidence instead of facts. Findings in response to those matters were immaterial and it may not be said that there was a miscarriage of justice because those immaterial findings are not supported by the evidence.

On the argument the defendants contended that the plaintiff did not obtain a marketable title by reason of the existence of the Gross claim. It was even intimated that the Gross claim was a concoction of, and was put of record on the instigation of this plaintiff. The title which was delivered was the sheriff's deed made pursuant to the foreclosure proceedings. It is not even suggested that the deed did not have the effect of conveying the title free and clear of the Gross claim. There was evidence that the plaintiff had nothing to do with the creation or recordation of the Gross claim. There was also evidence that when he heard of its existence he at once entered into negotiations with its owner to obtain a release and that he succeeded in making a tentative contract to that effect but the acts of the defendants operated to prevent the plaintiff from putting into effect his tentative contract with Gross.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by the appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 3, 1927.

Waste, C. J., and Richards, J., dissented.