## C. G. SORENSON v. MARY GONSKA.[1]

November 4, 1927.

No. 26,157.

**Evidence failed to show real estate broker made the sale.**
. In an action by a real estate broker to recover for services in procuring a purchaser for certain real estate, *held* that the evidence fails to show that the sale was the direct result of plaintiff's activity.

Brokers, 9 C. J. p. 608 n. 89; p. 656 n. 44.

[1]Reported in 216 N. W. 224.

Plaintiff appealed from an order of the district court for St. Louis county, Magney, J., granting defendant's motion for judgment notwithstanding the verdict. Affirmed.

*Jaques & Hudson,* for appellant.

*Leo A. Ball,* for respondent.

WILSON, C. J.

Plaintiff appealed from an order for judgment notwithstanding a verdict for $680.

The plaintiff, a real estate broker, seeks to recover for services in producing a purchaser for defendant's home.

On January 27, 1925, defendant listed the property at $16,800 with plaintiff for a period of 60 days and thereafter until two days' written notice was given of its withdrawal. Plaintiff advertised the property for sale. About February 10, 1925, plaintiff authorized one Mrs. Morrison to sell this and other listed property. She showed the house to one Evered, whose counsel consulted plaintiff and on February 16, 1925, prepared an earnest money contract which was not executed. Upon advice of counsel that the price was too high, Evered concluded not to buy. On March 26, 1925, defendant wrote plaintiff advising that she did not care to renew the listing contract. On April 7, 1925, defendant formally terminated the contract by giving the two days' notice. She concluded not to sell and then made some minor improvements. About May 15, 1925, Evered phoned defendant and offered her $16,000 cash for the property. She accepted the offer and sold to him. She paid Mrs. Morrison $100 and said she gave it to her as a friend. Mrs. Morrison and Evered were not called as witnesses.

The record positively negatives the conclusion that either the defendant or the purchaser was acting with the intention of defeating plaintiff from earning a commission. Both parties in good faith abandoned the negotiations. The net amount received by defendant after paying Mrs. Morrison $100 refutes the idea that she was actuated by a desire to eliminate plaintiff. The termination of plaintiff's contract was made in good faith. He cannot be said to

have been the procuring cause of Evered's later purchase of the property at $800 less than the price at which plaintiff had been authorized to sell. Defendant did not know that Mrs. Morrison was acting as the agent of plaintiff. See Quist v. Goodfellow, 99 Minn. 509, 110 N. W. 65, 8 L.R.A.(N.S.) 153, 9 Ann. Cas. 431; Cathcart v. Bacon, 47 Minn. 34, 49 N. W. 331. Nor did Mrs. Morrison work on the trade after the termination of plaintiff's contract. Plaintiff failed to produce a purchaser upon the terms specified in the listing contract. He did nothing after the termination of the contract to aid in making the subsequent sale. The sale to plaintiff's prospect on different terms arising out of subsequent negotiations not directly the result of plaintiff's efforts does not permit plaintiff to recover.

Affirmed.