## N. F. NEIDERLANDER v. JOSEPH STARR.

EVIDENCE, *Demurrer to.* The testimony examined, and *held*, that the court did not err in sustaining the demurrer thereto.

*Error from Sedgwick District Court.*

ACTION by *Neiderlander* against *Starr*, to recover his commission for the sale of certain real estate. Defendant had judgment, and plaintiff comes here. The material facts are set forth in the opinion herein, filed February 11, 1893.

*Edwin White Moore*, for plaintiff in error:

George Dold testified that he was acquainted with Jacob Dold's financial condition, and that the latter was able to fulfill the terms of the contract. The courts hold, however, that the burden in such cases is on the vendor, refusing to consummate a sale, to show the lack of ability of the proposed purchaser, if the refusal is upon that ground. It does not appear that the defendant objected to Dold upon such ground, nor is there such an allegation in his defense to this action. Solvency is always presumed. The contrary seems to be stated in *Stewart v. Fowler*, 37 Kas. 677; but not only is this mere *dictum* in that case, as the point was not raised there, but it is opposed to all other authority on these and similar transactions. In *Hart v. Hoffman*, 44 How. Pr. 168, it is held, that if insolvency be relied upon, it must be pleaded and proven as a defense. The same rule is laid down in *Cook v. Kroeneke*, 4 Daly, 268. If the contract had been fulfilled, and the mortgages and deed placed in escrow, to be delivered in February, 1889, upon the performance by Dold of the further conditions required to be performed by him at that time, the case of *Stewart v. Fowler*, supra, might be pertinent.

The courts have uniformly held, that the agent having performed his duty, he could not be deprived of his commissions by the capricious refusal of the vendor to sell, without fault of the agent. In *Frazer v. Wychoff*, 63 N. Y. 445, the court says:

"A broker for the sale of real estate is entitled to his commissions when, in the language of the cases, 'he is the procuring cause of the sale;' that is, when he has found a purchaser and brought him to his employer, and a contract is made between them."

See, also, *Mooney v. Elder*, 56 N. Y. 242; *Willes v. Smith*, 77 Wis. 81; *Gillett v. Corum*, 7 Kas. 156; *McGarock v. Woodlief*, 20 How. 221; *Bailey v. Chapman*, 41 Mo. 537; *Monroe v. Snow*, 131 Ill. 126; *Scribner v. Hazeltine*, 79 Mich. 370; *Stewart v. Mather*, 32 Wis. 349; *Kock v. Emmerling*, 22 How. 69; *Neilson v. Lee*, 60 Cal. 555; *Phelan v. Gardner*, 43 id. 306; *Moses v. Bierling*, 31 N. Y. 461.

Upon this last employment of the plaintiff by the defendant, the plaintiff is entitled to recover, if by his procurement Dold was ready and willing to make the purchase on the defendant's terms, and the defendant, without plaintiff's fault, refused to sell the land. See *Betz v. Land Co.*, 46 Kas 45.

*Stanley & Hume*, for defendant in error:

All that Neiderlander did was to procure Dold, the alleged purchaser, to enter into a contract with Starr, which contract is identical in meaning and interpretation with the contract construed by this court in the case of *Stewart v. Fowler*, 37 Kas. 677. The supreme court held that the instrument in *Stewart v. Fowler*, supra, was a contract of sale, and not a sale itself. We submit that the instrument executed by Starr and his wife to Dold is in itself simply a contract of sale and not a sale. In *Stewart v. Fowler*, supra, the law is declared as follows:

"Where a contract for a commission for the sale of land provides that the land must be sold to a person ready, willing and able to buy, it is not enough that there has been a contract to sell made. There must have been a sale before the commission is earned."

The plaintiff seems to be dissatisfied with the law as declared in *Stewart v. Fowler;* but we are satisfied with the same, and this court seems to be satisfied with it, for such

doctrine was followed in the case of *Betz v. Land Co.*, 46 Kas. 45.

Opinion by STRANG, C.: Action on contract for $400, alleged by the plaintiff to be due and owing to him from the defendant as a commission on the sale of real estate. The plaintiff introduced his evidence and rested. The defendant demurred to the evidence, and the demurrer was sustained by the court. The plaintiff brings the case to this court, and alleges that the trial court erred in sustaining the demurrer to his evidence; and that is the only question before this court. The plaintiff's evidence showed that he had the farm of the defendant on his books for sale; that Jacob Dold wanted to buy a farm, and Neiderlander and one of his men showed Dold several farms for sale, and among others they took him to see the Starr farm. Starr and wife were not at home, but their sons showed the farm, and, as Neiderlander and Dold were returning to Wichita, they met Starr and wife. Neiderlander informed them he had been showing Dold their farm, and Starr said he would call at Neiderlander's office next day and see them. When he called next day, they talked the matter over. Starr at first wanted $16,000 for the farm, but finally agreed to take $15,000, and also agreed to pay Neiderlander $400 commission for selling the land at $15,000. A few days after a contract was drawn up and signed by Dold, and also by Starr and wife, which embodied the terms and conditions of the agreement between the parties when they had talked the matter over. This contract provided for the payment of $2,000 cash, the assumption of an incumbrance on the land, and the giving of two notes, for $3,000 each, to be secured by mortgage on the land. After Starr and wife had signed the contract, they learned that the notes and mortgages and the $2,000 in cash had not yet been received by Neiderlander. Dold lived in Buffalo, N. Y., and the notes and mortgages had been sent there for execution, and had not yet returned. The $2,000 was to be turned over to Neiderlander by Dold's son, who lived in Wichita, and was doing

business there in connection with his father, whenever Neiderlander requested it. Dold had directed his son to pay it over when called on for it. When Starr and wife found the notes and mortgages and the $2,000 were not in Neiderlander's hands, they asked to have their names stricken off of the contract, and that was done. But they said they would carry out the contract as agreed upon, as soon as the notes and mortgages and money came. When the notes and mortgages reached Neiderlander, he notified Starr through the mail, but heard nothing from him. He then saw Starr and told him the papers had come and they were ready to close up the contract. Starr then said he did not think he wanted to do so. Neiderlander never had the money in his hands. To prove that the money was ready, he put young Dold on the stand. This young man's evidence was very badly confused, and quite indefinite, and the court undoubtedly sustained the demurrer to the evidence on the ground that the plaintiff failed to show that Dold was at any time ready to comply with the terms and conditions of the contract.

There is but one question in this case: Did the trial court err in sustaining the demurrer to the evidence? We have examined the evidence very carefully, because somewhat in doubt as to the correctness of the ruling of the court below. We have finally reached the conclusion that we are not required, by the record in this case, to reverse the action of the trial court. By the terms of any agreement shown by the record for the sale of the land upon which the plaintiff bases his claim for commission, $2,000 of the purchase money was to be cash in hand. The contract of sale for said land prepared by plaintiff not only provided that $2,000 of the purchase price should be cash in hand, but the receipt of said $2,000 was acknowledged in the contract. But when the contract was signed by the Starrs, it was learned that the plaintiff did not have the $2,000 in cash to pay them, because of which, and the fact that the notes for the deferred payments and mortgages were not ready to be put in escrow, their names were scratched off of the contract; and though the

49—50 KAS.

plaintiff afterward received the notes and mortgages, and then notified the defendant that the papers had come, and he was ready to complete the business of the sale, yet the evidence shows that he did not at that time have the $2,000 in cash ready to pay over to Starr, and that in fact he never did have said money in his possession ready to pay over to Starr.

The plaintiff's notice to the defendant, that he was ready to conclude the deal, was unavailing so far as binding Starr is concerned, for the reason that the evidence shows that the plaintiff was not ready to close the trade, because he was not in possession of the money to make the cash payment. The plaintiff put the young man Dold on the stand to show ability on the part of his father, the vendee in the contract with the Starrs, to pay the purchase money. It might be said that such evidence was not very material, for though Dold, sr., was able to pay for the land as per contract, he was never exactly ready to pay, because his money was never turned over to the plaintiff for the purpose of making the payment. But, if it were material, the young man's evidence was so confused, indefinite, and contradictory, that we would not feel like reversing the judgment of the court below on account of it.

We therefore recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.