## J. N. STEWART v. M. E. FOWLER & CO.

1. LAND AGENT — *Buyer's Default in Deferred Payments — Recovery of Commission.* Under a contract whereby brokers agreed with the landowner to find a person with whom the owner would make a contract for the sale of his land at a fixed price, and upon terms satisfactory to himself, at a stipulated commission, the brokers found a purchaser who contracted with the owner for the land at the price agreed upon, payments to be made in installments, and giving the owner the option, in case of any default of the purchaser, to declare the contract and the payments thereunder forfeited. The purchaser was then ready, willing and able to comply with the conditions of the contract, and subsequently made two of the payments provided for, but defaulted in the others, and the owner, instead of enforcing the contract, chose to declare a forfeiture and to retain the payments which had been made, but declined to pay the commission. *Held,* That the brokers had earned their commission when the purchaser was found by them and accepted by the owner, and that they cannot be deprived of the same because the deferred payments were not made by the purchaser and the terms of the contract fully carried out.

2. FINDING—*Departure from Some Conditions of Contract.* A finding of the jury, based upon sufficient testimony, to the effect that the landowner accepted the services performed by the brokers as a compliance with the conditions of their contract with him, renders im-

material a departure from some of the conditions of the contract, and authorizes a recovery of the compensation for such services.

3. CASE, *Limited*. The case of *Stewart v. Fowler*, 37 Kas. 677, distinguished and limited.

### *Error from Shawnee District Court.*

ACTION to recover a commission for the sale of a certain farm. Judgment for plaintiffs, *M. E. Fowler & Co.* Defendant, *Stewart,* brings the case to this court. The facts appear in the opinion.

*Curtis & Safford,* for plaintiff in error.

*R. B. Welch,* and *C. M. Welch,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by M. E. Fowler & Co., real-estate agents, to recover a commission of $500 for negotiating a sale of the farm of J. N. Stewart. After placing the land upon their books, M. E. Fowler & Co. took several parties to inspect the farm, and finally produced Reuben Neiswender, of Ohio, who was willing to take the land upon the terms prescribed by Stewart. The farm was to be sold for $10,000, payments to be made at stated times, and the commission of the brokers was to be 5 per cent. of the amount of the sale. The purchaser produced was accepted by Stewart, and a written agreement entered into, dated October 25, 1884, in which it was agreed that the sale should be made for the sum of $10,000; $350 to be paid in cash in hand, and $650 in secured notes were to be deposited in bank within 15 days from that time, to be redeemed by cash on or before February 17, 1885, at which time the further sum of $4,000 was to be paid; and the remaining sum of $5,000 was to be secured by mortgage on the premises, and paid in three years thereafter, with interest at 8 per cent. per annum. There was a provision in the written contract that, if default was made in any of the payments, the owner of the land might, at his option, declare the contract and all payments which had been

made forfeited, and the payments made should be retained by him in satisfaction of the damages which he had sustained. The contract is set out at length in the case of *Stewart v. Fowler*, 37 Kas. 677. Neiswender paid $350 in cash, and subsequently paid the $650, making a total payment upon the land of $1,000. Afterward he declined to carry out his contract, and Stewart never made any effort to enforce the same. He chose to exercise the option of forfeiting the contract, and retaining the money which had been paid thereon. It was claimed by Stewart that no commission was earned, for the reason that a completed sale and transfer of the property was not made. The jury found that the agreement of the brokers was that they should find a purchaser with whom Stewart would make a contract for the sale of the farm satisfactory to himself; that a purchaser was so found by them, and that they were the procuring cause in finding him; that when the sale was made between Stewart and Neiswender, on October 24, 1884, the latter was ready, willing and able to carry out the terms of the contract; that $1,000 was paid thereon, and that Stewart accepted the services performed by M. E. Fowler & Co. as a compliance with the conditions of their contract with Stewart. The jury awarded M. E. Fowler & Co. the full amount of their commission, which is the same result that was reached upon the former trial. (*Stewart v. Fowler*, supra.)

The testimony and the findings appear to support the theory of the brokers, and are sufficient to sustain the judgment that was rendered. It appears to have been an ordinary contract for the sale of land, under which the brokers were entitled to their commission when they had procured an acceptable purchaser who was then willing and able to buy the property upon the terms fixed by the owner. It is contended by Stewart that a mere contract of sale was not sufficient to entitle the brokers to the commission, and that it was not earned until a completed sale and transfer was made. Much reliance is placed upon the case of *Stewart v. Fowler*, supra, and language was there used by the commissioner which furnishes

a basis for this contention. Much of what was said there about the distinction between a sale and a contract to sell does not meet with the approval of the court, and was unnecessary to the determination of the question involved. There being testimony in the case that the brokers were only entitled to a commission upon the price realized on a completed sale, it was held that it was the duty of the court to charge the jury upon that theory of the case, and the omission of such an instruction was the ground upon which the judgment of reversal was based. In a later case 3. Case, limited. of a similar character, *Stewart v. Fowler*, supra, was distinguished and limited. (*Betz v. Land Co.*, 46 Kas. 45; see, also, *Neiderlander v. Starr*, 50 Kas. 766.) The agreement between the owner and the broker in the Betz case was much like that in the present case. A contract was entered into between the owner and the purchaser, and one payment was made, but default was made in the second, when the owner declared the contract forfeited and claimed the right to retain the purchase money already paid. It was held that, as there was a contract to sell upon conditions made between them, the purchaser was bound to buy the land and pay the purchase money, and the owner had the right to hold him to the terms of the contract. Upon default of the purchaser, the owner had the option to enforce the contract, or declare it at an end, and claim the forfeited payments. It was held that when the brokers procured the purchaser who entered into a contract with the owner, and who was then solvent and able to pay for the land according to the terms agreed upon, the brokers had earned their commission, and were entitled to recover the same, notwithstanding that the purchaser failed to make the payments agreed upon. In this case it appears that, when the sale was made and the contract entered into, the purchaser was ready, willing and financially able to carry out his contract. Two payments were made, but when default was made in the further conditions of the contract, Stewart, who had the option to enforce its requirements, neglected to do so and chose to retain the forfeited

payments. It has been held that recovery of the commission cannot be defeated because of the negligence or fault of the owner. (*Davis v. Lawrence,* 52 Kas. 383.)

The controversy between the parties as to what the agreement was, and the complaint about the rulings of the court, are rendered immaterial by the special finding of the jury to the effect that Stewart accepted the services performed by M. E. Fowler & Co. as a compliance with the conditions·of their contract with him. Whatever may have been the original agreement, when the services rendered were accepted as satisfactory, and as a full compliance with the agreement, they were entitled to their commission. There is testimony to sustain this finding. It appears that the brokers were the efficient and procuring cause of finding a purchaser. The purchaser was acceptable to Stewart, with whom a contract of sale was made. At that time the purchaser was willing and abundantly able to carry out his contract. Default has since been made, and Stewart has refused to enforce the contract. According to the brokers' version of the agreement, their compensation did not depend upon the payment of the purchase money, and we think they should not be deprived of their commission because the deferred payments were not made and the terms of the contract fully carried out.

2. Finding — departure from some conditions of contract.

1. Land agent — buyer's default in deferred payments — recovery of commission.

Complaint is made of the instructions, but we think that they fairly present both theories of the case, and are in accord with the views herein expressed.

We see no error in the record, and hence the judgment of the district court will be affirmed.

All the Justices concurring.