SUMNER SOULE *vs.* HOWARD S. DEERING.

Kennebec.    Opinion April 2, 1895.

*Broker.    Commissions.    Knowledge.*

Where a selling broker is aware that a customer is resolved and prepared to pay the price asked, he should not send the customer to his principal to negotiate directly, without communicating to the principal his knowledge of the customer's resolution.

A selling broker withholding such information from his principal forfeits any claim for commissions, even though the principal obtained from the customer the full price originally asked.

ON MOTION AND EXCEPTIONS.

This was an action of assumpsit, and the case was tried to a jury in the Superior Court, for Kennebec county, where a verdict of $372.80 was returned for the plaintiff.

The declaration in the writ was upon the following account annexed :

" Sept. 3, 1892, H. S. Deering        To Sumner Soule, Dr.

    To 5 per cent commission for selling 5523 tons

        of ice at $1.25 per ton $6903.75 to Morse

        Co. New York,                          $345.19

        Interest from Nov. 21, 1892,              18.23

                              $363.42"

The defendant pleaded the general issue.

The defendant asked the court to charge the jury as follows :

1. If Mr. Soule was under contract with Mr. Deering to procure a purchaser and did not have the exclusive sale, even then he cannot recover unless he himself effected the sale or procured and introduced a purchaser to whom Mr. Deering did sell.

2.   If Soule did not have exclusive sale, it is not sufficient, if he sends a purchaser to Mr. Deering and fails to make known · in some way to Mr. Deering that the purchaser was sent by him.

3.   If Mr. Soule did not make known to Mr. Deering that Morse & Co. were sent by him, he cannot recover.

The court refused to so instruct the jury but did instruct them as follows :

"It is claimed by the defendant that the plaintiff did not procure the purchaser and introduce him to the defendant.   The plaintiff, on the other hand, claims that he did procure him and introduce the defendant to the purchaser Morse, and here the testimony is in conflict between the deponent Morse and the defendant.   It is not claimed by plaintiff that the contract, which he sets up as having been made with the defendant, gave the plaintiff the exclusive right to sell the ice.   The defendant might still have sold it himself and if he did so, the purchaser not having been sent to the defendant or put in communication with him by the plaintiff, the plaintiff would not be entitled to recover.   But if you shall find that Morse informed the defendant before the sale was completed that he was sent to him by Soule, as stated in Morse's deposition, I instruct you that that would be a sufficient introduction to entitle the plaintiff to his commissions, if you find there was a contract such as the plaintiff claims and it had not been forfeited under the rule which I have given you."

There were also exceptions by the defendant to the exclusion and admission of testimony.   The case is sufficiently stated in the opinion.

*A. M. Spear and C. L. Andrews*, for plaintiff.

*H. Fairfield and L. R. Moore*, for defendant.

Sitting : Peters, C. J., Walton, Emery, Haskell, White-house, Wiswell, JJ.

Emery, J.   The jury has found that the defendant (living in Boston, but owning ice on the Kennebec river) employed the plaintiff, an ice broker at Gardiner, to sell his ice, 5,000 tons

more or less, for one dollar and twenty-five cents per ton, at a five per cent commission; and that the plaintiff sent to the defendant a customer, who bought the ice directly from the defendant at that price. Nothing more appearing, the plaintiff would be entitled to retain the verdict in his favor for the amount of his commissions. But the defendant contends that the evidence also shows that the plaintiff failed in one important particular to fulfill the obligations due from a broker to his principal. If any such omission of his duty as a broker does appear, then he is not entitled to any commissions, however much he may have labored in the premises.

The evidence, especially the plaintiff's testimony, letters and telegrams, establish the following facts, even against the verdict of a jury. The employment was August 19, 1892. The minimum price fixed by the principal was one dollar and twenty-five cents per ton. The plaintiff, as broker, undertook to sell the ice at that, or a better price. August 23rd, four days after his employment, he wrote to his principal that he did not know of any ice being sold for more than one dollar per ton,—that it would be hard to get more than one dollar, that the principal would lose a sale if he asked more. August 29, he wired his principal offering one dollar per ton, and advised him to sell at that price. August 30, he wrote a letter to the same effect. August 31, having received from his principal a telegram declining to sell at one dollar, he wrote that he had just bought four thousand tons at one dollar, and asked for defendant's lowest price. In the meantime, he had been buying ice for Morse & Co., ice dealers, and expected they would eventually take this ice. September 2, he ascertained definitely that Morse & Co. wanted and would take the ice at one dollar and twenty-five cents per ton, if they could not get it for less. On that day, with his knowledge and concurrence, Morse & Co. wired their Boston partner to get from the defendant a refusal of this ice for twenty-four hours, at the lowest possible price. This Boston partner of Morse & Co. interviewed the defendant in Boston, and, after vainly trying to get the ice at a less price, finally bought it at the original price, one dollar a nd twenty-five cents. The plaintiff,

in sending Morse & Co. to his principal, did not apprise his principal of what he knew, viz : that Morse & Co. were going to the principal direct, resolved and prepared to pay the one dollar and twenty-five cents if they could not get it for less.

To leave his principal in ignorance of this important fact, after so persistently assuring him that the ice would not sell for over a dollar, was the patent omission of a plain duty. It was a manifest breach of that entire good faith and loyalty due from a broker to his principal, and by that breach the plaintiff has forfeited all right to any commissions. It does not relieve the plaintiff that the defendant finally got his price. He got it by his own persistence and in spite of the disloyalty of his broker. That the plaintiff has forfeited his commissions needs no argument. The mere statement of the facts should be enough. If authorities are desired, see *Pratt* v̇. *Patterson*, 112 Pa. St. 475 ; *Martin* v. *Bliss*, 57 Hun, 157 ; *Henderson* v. *Vincent*, 84 Ala. 99.

<div align="right">

*Motion sustained. Verdict set aside.*