W. W. CARTER, *Plaintiff in Error,* v. J. C. OWENS & E. Z. JONES DOING BUSINESS AS PARTNERS UNDER THE FIRM NAME OF OWENS & JONES, *Defendants in Error.*

LAND BROKERS—WHEN ENTITLED TO COMMISSIONS—BAD FAITH OF TOWARDS PRINCIPAL.

1. The settled rule is that an agent or broker employed to sell land cannot recover commissions unless he has produced to his principal a purchaser ready, able and willing to buy on the terms specified in his contract of employment.

2. A real estate broker employed to sell or to find a purchaser for land is bound to disclose to his principal any facts known to him, material to the transaction, and, if the broker takes part in the negotiation, he is bound to exert his skill for the benefit of his principal; any concealment from the principal of material facts known to the agent, or any collusion by the latter with the purchaser, will forfeit the right of the agent to compensation for his services.

3. Where a selling broker is aware that a customer is resolved and prepared to pay the price asked, he should not send the customer to his principal to negotiate directly, without communicating to the principal his knowledge of the customer's resolution, and if he withholds such information from his principal he forfeits any claim for commissions, even though the principal obtained from the customer the full price originally asked.

This case was decided by Division B.

Writ of Error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Wilson & Swearingen* and *Park Trammell* for Plaintiff in Error;

*Wilson & Boswell,* for Defendants in Error.

TAYLOR, J.—The plaintiff in error by writ of error seeks review here of a judgment recovered against him by the defendants in error in the circuit court of Polk county. The recovery was had before a referee, to whom the cause was referred for trial, upon a declaration alleging the employment of the plaintiff by the defendant to effect for him a sale of certain lands and personal property on commission, the declaration alleging that the plaintiffs had secured a purchaser who was ready, able and willing to pay for said property the sum of $77,500.00 and who offered the same in cash, yet the defendant refused to execute deed to said purchaser; that the defendant agreed to pay plaintiffs for their labor and trouble in selling said property all overplus above the sum of $75,000, at which they might be able to sell said property,

and was, therefore, indebted to them in the sum of $2500.00.

There are various assignments of error, but we will dispose of the case without any discussion of them in any special detail.

The judgment of the referee is erroneous and should have been in favor of the defendant below, plaintiff in error here, among others mainly for two reasons, viz.: (1) The great preponderance of the evidence shows conclusively that the supposed purchaser procured by the plaintiffs for the defendants property was not ready and able to purchase and pay for same on the terms and at the price that the plaintiffs were authorized by the defendant to sell the same.   In Wiggins v. Wilson, 55 Fla., 346, 45 South. Rep. 1011 the well settled rule was adhered to that an agent or broker employed to sell land cannot recover commissions unless he has produced to such owner a purchaser ready, able, and willing to buy on the terms specified in his contract of employment.   Hayden v. Grillo, 35 Mo. App. 647; McGavock v. Woodlief, 20 How. (U. S.) 221; Mattingly v. Pennie, 105 Cal. 514, 39 Pac. Rep. 200; O'Brien v. Gilliland, 4 Tex. Civ. App. 42, 23 S. W. Rep. 244; Flynn v. Jordal, 124 Iowa 457, 100 N. W. Rep. 326; Cullen v. Bell, 43 Minn. 226, 45 N. W. Rep. 428; Neiderlander v. Starr, 50 Kan. 766, 32 Pac. Rep. 359; Dent v. Powell, 93 Iowa 711, 61 N. W. Rep. 1043.   The judgment of the referee should have been for the defendant below for the reason, (2) that it was shown at the trial by uncontradicted evidence that the plaintiffs, if they ever were entitled to any compensation from the defendant had forfeited such right by the exercise of bad faith in the transaction towards the defendant their principal, in this, it was shown that they knew that their proposed purchaser was willing to purchase the property at the price of $75,000, but at the suggestion of such proposed pur-

chaser withheld this information from the defendant, and in silence permitted such proposed purchaser to endeavor to get the property from the defendant at the less price of $74,000.

A real estate broker employed to sell or to find a purchaser for land, is bound to disclose to his principal any facts known to him, material to the transaction, and, if the broker takes part in the negotiation, he is bound to exert his skill for the benefit of his principal; any concealment from the principal of material facts known to the agent, or any collusion by the latter with the purchaser, will forfeit the right of the agent to compensation for his services. Young v. Hughes, 32 N. J. Eqr. 372; Henderson v. Vincent, 84 Ala., 99, 4 South. Rep. 180; Wodsworth v. Adams, 138 U. S. 380, 11 Sup. Ct. Rep. 303; Pratt v. Patterson's Ex'rs, 112 Pa. St. 475, 3 Atl. Rep. 858; Mullen v. Bower, 22 Ind. App. 294, 53 N. E. Rep. 790; Soule v. Deering, 87 Me. 365, 32 Atl. Rep. 998.

In the case last cited it is correctly held that where a selling broker is aware that a customer is resolved, and prepared to pay the price asked, he should not send the customer to his principal to negotiate directly, without communicating to the principal his knowledge of the customer's resolution, and if he withholds such information from his principal he forfeits any claim for commissions, even though the principal obtained from the customer the full price originally asked. Skinner Mfg Co. v. Douville, 57 Fla. 180, 49 South. Rep. 125; Wiggins v. Wilson, *supra.*

The judgment of the court below in said cause is hereby reversed at the cost of the defendant in error.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.