CARROLL, Judge
(dissenting).
I respectfully dissent. In my opinion there was ample evidence, as contended by appellants, on which the jury upon proper charges could find the conduct of the plaintiff broker was such as to cause a forfeiture of the claimed commission.
The prospective purchaser Mankoff was unwilling to purchase on the listed terms, one of which required the purchaser to honor leases as made. Mankoff made a counter offer accordingly, which was rejected by the sellers. The broker Ewing entered into a secret deal with Mankoff to renegotiate the leases and act as his rental agent for a period of years, if Mankoff should become the purchaser. The broker did not disclose to the sellers that secret deal with his client Mankoff. When the second prospective purchaser, known as the Bookbinder group, informed Ewing they would purchase the property in accordance with the listed terms, and requested Ewing to so inform the owners, Ewing admittedly did not do so.
Failure of a broker to disclose such matters to the owner (his principal) operates to forfeit his right to commission compensation, under the established law, as announced in Carter v. Owens, 58 Fla. 204, 50 So. 641, 25 L.R.A.,N.S., 736 and Skinner Mfg. Co. v. Douville, 57 Fla. 180, 49 So. 125.
In the majority opinion it is stated that “there was no evidence to indicate that the initial Bookbinder offer was a better offer than that submitted by Mankoff.” I can not agree. In the first place, what the Bookbinder group desired communicated by the broker Ewing to the owners was not an offer, but was, in effect, an acceptance. Mankoff had refused to purchase on the owners’ terms, and had made a counter offer which was not acceptable to the owners. The Bookbinders were agreeable to purchase subject to the requirement to honor the leases, but Mankoff was not. To that material extent, if not otherwise, the Bookbinder’s offer, if it may be called such, was more to the interest of the owners.
In the circumstances disclosed in evidence it was reversible error for the trial court, in charging the jury, to refuse the defendants’ requested charge No. 9 (quoted in the majority opinion). On reading the charges given to the jury it appears that neither by any specific charge nor by the charges as a whole was that omission supplied. The judgment should be reversed and the cause remanded for a new trial.