419 P.2d 358

**7–G RANCHING COMPANY, a corporation, Appellant,**

v.

**Fred STITES, Appellee.\***

**No. 2 CA–CIV 243.**

Court of Appeals of Arizona.
Oct. 25, 1966.

---

\* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 8464. The matter was referred to this court pursuant to A.R.S. Section 12–120.23.

John L. Claborne, Tucson, for appellant.

Spaid, Fish, Briney & Duffield, by William Spaid, Tucson, for appellee.

HATHAWAY, Judge.

This is an appeal from a summary judgment in favor of plaintiff-appellee Stites against defendant-appellant 7–G Ranching Company enforcing a bonus provision of an employment contract between the parties.

In August 1961 7–G Ranching Company, acting through its president, Lloyd Golder, III, was promoting a real estate development north of Tucson. As part of this development, the construction of a large dam was contemplated and the appropriation of water for this dam required various permits from certain state agencies.

Appellee, Stites, wrote a letter addressed to Golder on August 22, 1961, which became the contract for the employment of Stites when the appellant by Mr. Golder's actions approved its terms. The contents of that letter, Exhibit A annexed to the complaint, are as follows:

"Thank you very much for the luncheon at the Saddle & Sirloin last Monday. I believe everything concerning our employment relationship was clarified—very satisfactorily, I might add.

"It is my understanding I am to be in your employ on a half-time (approximately 20 hours per week) basis and that the compensation for this employment will be $500.00 per month.

"Also, that this arrangement shall be for an approximate twelve month period, or

at such time as my services are required on a full-time basis; full-time employment compensation shall be $1,000.00 per month.

"In addition, on out-of-town trips, use of my car shall be compensated for at .10¢ per mile; other expenses to be reimbursed according to actual expense account submitted.

"In exchange for the above, I intend to render conscientious, diligent, efficient services to the limit of my ability on projects whatsoever assigned to me by you.

"Regarding the 'bonus' we discussed: It is my understanding I am to be deeded land whose value equals $12,000.00 (one year's full-time salary) on successfully promoting Golder Dam and after the permit for the Dam is issued.

"Should, perchance, the permit not be approved, it is my understanding I am to be compensated for my time and expenses, only.   *(These expenses are not to exceed the amount of $500.00.   LWGIII).

"As you may easily determine, I am quite enthusiastic over the possibilities of our association.   Thank you for the opportunity."

Stites sued the appellant for breach of contract, alleging performance of the contract terms on his part and failure of performance on appellant's part.   In its verified answer, 7–G Ranching Company denied the following: That Stites performed according to the contract, that the permit for the dam was issued June 25, 1962, and that appellant's failure to convey the land to Stites resulted in damage of $12,000 plus six per cent interest.   Failure of consideration and failure of performance were affirmatively pleaded by the appellant.

In answering appellant's interrogatories, Stites named 24 persons he had contacted in promoting Golder Dam and set forth the

nature of his conversations with them.   At a hearing of objections to answers to interrogatories and requests for admissions, the court denied appellant's objections to request for admissions 1 B and 2 B.   Request for admission 2 B was:

"That the 'permit for the Dam' referred to in Exhibit 'A' had been issued."

In response to the court's ruling, the appellant filed a supplementary answer to appellee's request for admissions denying 1 B, but neither admitted nor denied 2 B.   Appellee contends that the issuance of the permit referred to in the contract is deemed admitted, because appellant failed to deny request 2 B in his supplementary answer.   Apparently, appellant concedes this for he does not argue with appellee's conclusion.   In any event, it is not a critical point in disposing of this case.

Stites filed a motion for summary judgment.   The memorandum appended to the affidavit supporting his motion makes reference to answers to interrogatories and to portions of Stites' deposition showing his conduct relative to performance of the contract.   Appellant responded with an affidavit by Golder setting forth the following: That Stites had failed to perform matters that he had agreed to perform, that he failed to perform matters delegated by the officers of the corporation, and that the various permits were obtained without Stites' services.

After the motion for summary judgment was granted, the appellant moved for a rehearing of the motion which was granted.[1]   Perhaps in view of the oft repeated admonition that a motion for summary judgment should be cautiously granted, the trial court granted a rehearing of the motion and at the rehearing considered a second affidavit of Golder.   In the second affidavit, Golder stated that the contract contemplated an employment relationship for a year, that the "bonus" paragraph con-

---

1.  Whether to allow filing of affidavits after the hearing is within the discretion of the trial court.   Precision Extrusions, Inc. v. Stewart, 36 Ill.App.2d 30, 183 N.E.2d 547

(1962).   See discussion on reconsideration of motions in 49 C.J.S. Judgments § 226 at page 432.

templated that Stites would work on other projects as well as the Golder Dam project, that Stites would speak to all objecting parties seeking their support of the Golder Dam project, that he would determine the merit or basis of their objections and that Stites would do investigative work for the hearing. Golder also stated that Stites did not perform any of the aforementioned duties and that "the issuance of a permit determined only the time of payment assuming that all the services promised to be performed were, in fact, performed."

In determining whether there is a genuine issue as to a material fact, we must view the record in a light most favorable to the party opposing the motion. Allied Mutual Insurance Company v. Peck, 3 Ariz. App. 582, 416 P.2d 1003 (1966).

We believe that a dispute over a genuine issue of fact existed. Appellant insists that the bonus provision of the contract is ambiguous. Appellee disagrees. The bonus provision seems ambiguous in many respects —What was the time of performance? What permit determined the time for payment? What performance was contemplated by "successfully promoting Golder Dam"? Golder's second affidavit raises at least one disputed fact equally as specific as the moving party's facts concerning the length of service contemplated by the parties in regard to the bonus provision. Wakeham v. Omega Construction Company, 96 Ariz. 336, 395 P.2d 613 (1965). This provision of his affidavit provides:

> "2. That the agreement in question in the above captioned cause of action dated August 22, 1961, contemplated as far as Fred Stites and Lloyd Golder as President of 7-G Ranching Company were concerned an employment relationship covering one year."

The appellant contends the terms are indefinite and ambiguous as to Stites' length of service for there are three possible interpretations:

1. Stites was to remain for one year before he was eligible for the bonus,

2. Stites was to remain for the period necessary to successfully promote Golder Dam, or

3. Stites was to remain for the period of time until the permit for the dam was issued.

Stites left the appellant's employment before any of the above happened.

The appellee contends that the bonus provision does not require continued employment for one year and that since the permit for the dam has issued, the time for payment had come. He further contends that the allegations in Golder's affidavits violate the parol evidence rule, because there is nothing ambiguous about the bonus provision.

Rule 56(e), 16 A.R.S. requires that the opposing affidavit set forth facts admissible in evidence at trial. The parol evidence rule often cuts off the presentation of factual matters that would otherwise raise triable issues, Moore's Federal Practice, Volume 6, § 56.17(43) at 2235, by excluding oral evidence that adds to, subtracts from, varies or contradicts the terms of a complete and unambiguous contract. Ambiguities exist in a contract where the writing is susceptible of more than one meaning. Where a contract is ambiguous parol evidence is admissible to ascertain its meaning. Crone v. Amado, 69 Ariz. 389, 214 P.2d 518 (1950).

The contract is ambiguous regarding the length of service required by the bonus provision. The letter first refers to an arrangement for 12 months. Then in the bonus provision there is a parenthetical reference to the land valued at "one year's full time salary." Even Stites, in his deposition, said the Golder Dam project would be finished in 12 months, if possible.

Parol evidence is admissible to show the time for performance of the contract, Northern Pacific Railway v. Kempton, 9 Cir., 138 F. 992 (Mont.1905), for the writing is ambiguous as to the length of service required for the payment of the bonus.

Since there is a genuine issue of a material fact as to the length of service, the motion for summary judgment should have been denied.

For the reasons above stated, the judgment of the court below is reversed and the case is remanded for further proceedings consistent with this opinion.

MOLLOY, J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.