291 So.2d 12 (1974)
L.L. CROSBY, Appellant,
v.
Vernon ASHLEY, Appellee.
No. 73-442.
District Court of Appeal of Florida, Third District.
February 19, 1974.
Rehearing Denied March 26, 1974.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and Stephen N. Zack, Miami, for appellant.
Miller & Russell, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
This appeal is by the defendant below from an adverse judgment in an action by a real estate broker for recovery of a commission.
The appellant was the owner of a parcel of land in the City of Hialeah. The plaintiff, who will be referred to as the broker, was a member of the city council. The land had been used for dog kennels, pursuant to special zoning. The owner had made an application for the property to be rezoned to permit construction of apartment buildings thereon. His application had been denied. Later, at a time when *13 the owner was out of the state, the application for the zoning again came before the council, and was then granted. Thereafter the broker, with whom the property was listed for sale, became the procuring cause of a sale thereof by the owner to a certain corporation. The price for which the property was sold was $210,000.
In response to the broker's filed complaint for recovery of a commission thereon, the owner filed an answer which included as an affirmative defense an averment of nondisclosure by the broker of a fact material to the transaction, namely, that the property had been rezoned as stated above.
The answer contained a counterclaim in which it was alleged the value of the property as so zoned was $425,000, and claimed damages for the difference between that sum and the price for which the property was sold, as being a loss proximately resulting from the broker's nondisclosure of the favorable rezoning of the property.
At the trial the evidence as to such nondisclosure by the broker was in direct conflict. The resolution of that issue by the jury was material, in view of the rule that such nondisclosure by a broker, where it occurs, will operate to bar recovery of a commission, even though the seller may have suffered no financial injury as a result thereof, and may have received full value for the property which was sold. Carter v. Owens, 58 Fla. 204, 50 So. 641; Hershey v. Keyes Company, Fla.App. 1968, 209 So.2d 240. See also Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 54 A.L.R. 1173.
At the conference on jury charges, with reference to the effect of nondisclosure on the right of the broker to recover a commission, the court stated: "I will tell the jury that, in the event they find that, by the greater weight of the evidence, Vernon Ashley failed to disclose a material issue of fact, and breached his fiduciary duty, that this bars recovery. I think that will cover it."
However, the court did not give that charge. Pertinent to the matter, the court charged the jury as follows:
"Members of the jury, the issues for your determination in this case are as follows: The plaintiff, Vernon Ashley, claims that, through a contract entered into with the defendant-counterclaimant, L.L. Crosby, and under which he performed services, he is entitled to damages in the sum of $38,775. Mr. Crosby does not deny the contract and that the services were performed by Mr. Ashley. The defense raised by Mr. Crosby is that Mr. Ashley violated a fiduciary duty to him by failing to disclose a material fact  that his property had been rezoned  causing Mr. Crosby to sustain injury or damage.
"Now, ladies and gentlemen, if the greater weight of the evidence supports this defense, then your verdict should be for the defendant-counterplaintiff, Mr. L.L. Crosby, and you should award a sum of money that will adequately compensate him for any losses he may have sustained because of his transaction and bar the plaintiff, Vernon Ashley, from recovering any compensation for his services.
"On the other hand, if the greater weight of the evidence does not support the defense of Mr. Crosby, then your verdict should be for Vernon Ashley in the sum of $38,775."
After the jury retired, the attorney for the defendant objected to the above charge, for failure to instruct the jury that such nondisclosure, if found to have occurred, would bar recovery of the commission, and because the court's charge instructed the jury that damages resulting from the nondisclosure were required to be shown in order to bar recovery of the commission. The court noted the objection, but no further or different charge thereon was given.
The jury rendered a verdict for the plaintiff broker in the amount of $38,775 *14 [being the amount claimed as commission]. That verdict indicated findings by the jury against the defendant on the latter's defense of nondisclosure and on his counterclaim.
The appellant contends the above quoted charge to the jury was incorrect and constituted reversible error. We find merit in that contention. In the quoted charge the court failed to distinguish between the issues bearing on the broker's claim and the seller's affirmative defense thereto of nondisclosure by the broker, on the one hand, and the issues relating to the seller's counterclaim for damages alleged to have resulted from the nondisclosure, on the other hand.
In the charge it was stated that the owner's defense was nondisclosure by the broker of a fact material to the sale, causing injury and damage to the owner. However, the owner's pleaded defense was not predicated upon loss or damage to him having occurred from nondisclosure. That defense to the commission claim was that the broker had been guilty of a breach of fiduciary relationship through nondisclosure of a material fact such as to bar recovery of the commission.
With regard to the counterclaim, the charge was appropriate, since in order to recover on his counterclaim the defendant was required to prove both nondisclosure and damages resulting therefrom. The rejection of the counterclaim by the jury could have been based upon a finding that there was no such nondisclosure, or upon finding there was a material nondisclosure, but that full value was received on the sale and no damages were shown. On either basis, the decision of the jury against the counterclaimant could properly have been arrived at upon the conflicting evidence on those issues.
As to the defense of nondisclosure as a bar to recovery of a commission by the broker, the charge given by the court was incorrect and misleading, because a finding of nondisclosure by the broker of a fact material to the sale would be sufficient to bar recovery of the commission without regard to whether loss to the seller resulted therefrom.[1]
In this case there was no way to determine whether, in reaching a verdict in favor of the plaintiff for a commission, the jury did so by finding there was no failure of disclosure on the part of the broker, or upon finding that there was such a nondisclosure but that it did not result in any financial loss to the seller. In that situation we hold reversible error was committed by the above quoted charge, as related to the defense of nondisclosure.
The judgment is entitled to stand as a denial of the counterclaim, but it is hereby reversed as to the plaintiff's claim for commission. In view of this disposition of the appeal, we find no need to discuss other points raised by the appellant.
The judgment is affirmed in part and reversed in part, and the cause is remanded for a new trial, to be limited to the issues relating to the claim of the plaintiff for the commission.
It is so ordered.
NOTES
[1] The form of verdict for the defendant that was submitted to the jury was as follows:

"We, the jury, find for the defendant ________ and assess his damages at ________."
As pointed out by the appellant, a blank verdict for the defendant in that form could tend to confirm to the jury, as indicated by the court's charge, that in order to find for the defendant in defense of the broker's commission claim it would be necessary that the jury determine the defendant owner had suffered recoverable damages as a result of the alleged nondisclosure by the broker.