543 P.2d 478

**Richard MASON and Laura Mason, husband and wife, dba Center Realty, Appellants,**

v.

**Adolph BULLERI and Sophie Bulleri, husband and wife, Appellees.**

**No. 1 CA–CIV 2552.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 18, 1975.

Rehearing Denied Jan. 23, 1976.

Review Denied Feb. 10, 1976.

Maupin & Wilson, by Donald R. Wilson, William Gregory Fairbourn, Phoenix, for appellants.

Moore & Romley, by Arthur E. Romley, Phoenix, for appellees.

## OPINION

HAIRE, Chief Judge, Division 1.

On this appeal from the trial court's granting of the defendants' motion for summary judgment, the parties agree that there were no issues of material fact, but disagree as to what facts were material.

The plaintiff real estate brokers (appellants), who sued the defendants to recover

a real estate commission, contend that many facts considered by the trial judge constituted inadmissible, and therefore immaterial, parol evidence. On the other hand, the defendant real property owners (appellees) contend that such facts were admissible, not to vary or contradict the terms of the contract between the defendants and a third party proposed buyer of the real property, but rather to show that the contract never came into existence or, in any event, to show the brokers' bad faith and breach of the fiduciary relationship between the brokers and the defendants, thereby precluding recovery of any commission by the brokers.

Since in our opinion the complained of evidence was admissible on the issue of the brokers' bad faith and breach of fiduciary relationship, we will not discuss the defendants' contention that the evidence was admissible on the issue that a contract never came into existence.

Initially we note that the appellants are correct in their contention that summary judgment is permissible only if supported by facts which would be admissible in evidence, *7–G Ranching Company v. Stites,* 4 Ariz.App. 228, 419 P.2d 358 (1966), and that in reaching its decision the Court should exclude from its consideration extrinsic evidence which would violate the parol evidence rule. *Briskman v. Del Monte Mortgage Company,* 10 Ariz. App. 263, 458 P.2d 130 (1969). However, appellants refuse to recognize that one of the basic issues raised in the pleadings by way of defensive matter was the issue of the alleged breach by appellants of their fiduciary duties to defendants. Evidence of conversations and negotiations between the plaintiff brokers and the buyers relating to the proposed contract were admissible on this issue and therefore appellants' parol evidence contentions must fail.

The depositional testimony showed that the defendants entered into a "Purchase Contract and Receipt" agreement for the sale of their residence, calling for a purchase price of $193,800, payable by a $5,000 deposit, $35,000 on close of escrow, and the balance of some $153,800 "by agreement for sale all due and payable in one payment on or before two years from date of close of escrow."

There was some discussion in arguments of counsel in the trial court and before this Court as to whether the above-quoted language of the contract contemplated the retention by the sellers of a security interest in the property for the two year period pending payment by the buyers of the balance due, or whether this balance was to be completely unsecured. In our opinion it contemplated the retention of a security interest by the seller. However, a decision on this issue is not essential in view of the result we reach, and we have stated the problem merely as background for consideration of the defendants' contentions of bad faith and breach of fiduciary relationship by the plaintiffs.

Mr. and Mrs. Robbins were the proposed buyers, and Mr. Robbins testified that prior to making their offer he told the broker that the balance would have to be unsecured, and that he would have to mortgage the home to get the additional $35,000 constituting the balance of the down payment. These facts were not disclosed to the defendants by the broker, and, in fact, the broker advised the defendants that "he [the broker] had a deposit on the place, $5,000 deposit, and that they [the buyers] had $50,000 cash."

We recognize that ordinarily the broker cannot be deprived of his earned commission simply because it ultimately develops that the buyer is financially unable to complete the purchase. However, it is the broker's duty to deal with his principal, the seller, in the utmost good faith and bring to the seller's attention such information as the broker might have concerning the buyer's financial inability to complete the purchase. The broker may not withhold from the seller any material information which he might have on this subject. *R. A. Poff & Co. v. Ottaway,* 191 Va. 779, 62 S.E.2d 865 (1951); 12 Am.

Jur.2d, Brokers, § 206, p. 949. Here the broker prepared and presented to the defendants a contract which arguably provided for the retention by the defendants of a security interest in the property for the entire balance due, without advising defendants that the buyers had represented that they would be financially unable to complete the purchase if a security interest were in fact retained by the sellers. Under these circumstances, the brokers' failure to disclose constituted a serious breach of their fiduciary duty to the sellers.

■ Although the foregoing would be sufficient to support the trial court's denial of plaintiffs' right to a commission, the record does disclose another flagrant breach of duty by the plaintiffs when they had the prospective buyers sign two contracts for two different amounts, both less than the asking price, and first submitted the contract for the lesser amount to their principal, without disclosing that the buyer was willing to pay a higher price. This conduct in and of itself constitutes a breach of the broker's duty to his principal. *Carter v. Owens,* 58 Fla. 204, 50 So. 641 (1909); *Gillespie v. Rosenbaum,* 105 Misc. 588, 173 N.Y.S. 429 (Sup.Ct.1918).

■ Arizona case law is clearly in accord with the above-cited decisions to the effect that a broker who breaches his fiduciary duties to his principal is not entitled to recover his commission. *Haymes v. Rogers,* 70 Ariz. 257, 219 P.2d 339 (1950); *Beckwith v. Clevenger Realty Co.,* 89 Ariz. 239, 360 P.2d 596 (1961). We do not consider it material that the defendants initially voiced other reasons for their refusal to proceed with the proposed sale. It is sufficient that the defense of breach of fiduciary duty was timely raised when plaintiffs sought, by legal action, to force payment of the claimed commission when the defendants refused to proceed with the proposed sale.

In summary, we hold that the trial court did not consider inadmissible parol evidence in ruling on the defendants' motion for summary judgment, and that in the absence of controverting testimony there was no genuine issue of material fact and the defendants were entitled to judgment as a matter of law.

The judgment is affirmed.

JACOBSON, P. J., and EUBANK, J., concurring.