403 So.2d 991 (1981)
Kenneth H. PRALL and Gertrude Prall, His Wife, Appellants,
v.
Jerrold R. CORUM d/b/a Landmark Real Estate, Appellee.
No. 79-2301.
District Court of Appeal of Florida, Second District.
April 1, 1981.
Rehearing Denied April 28, 1981.
*992 John D. Kiernan of Goldner, Reams, Marger, Davis, Piper & Kiernan, St. Petersburg, for appellants.
Michael K. McFadden and Robert J. McDermott, Largo, for appellee.
DANAHY, Judge.
The issue confronting us is whether a real estate broker's failure to disclose certain facts to his principals constituted a nondisclosure of material facts which bars the broker from receiving any compensation for his services. We hold that the facts not disclosed by the broker in this case were material and reverse the trial judge's determination to the contrary.
Plaintiffs/appellants (the Pralls) employed defendant/appellee (Corum), a real estate broker, to obtain a purchaser for their home in Belleair Beach. Corum presented an offer from a Mr. and Mrs. Vesey to purchase the Pralls' property for a price of $157,000. The offer was in the form of a proposed contract reciting the payment of a $15,000 deposit by the Veseys and containing a provision that the sale was contingent upon the Veseys obtaining mortgage financing for 80% of the contract price. The Pralls accepted the offer and signed the contract.
It is undisputed that the deposit of $15,000 was never in fact made; the Veseys gave Corum a check in the amount of $15,000 and asked Corum to hold it because they did not have the funds to cover it. The check was never made good and never negotiated. There was a dispute among the parties as to whether Corum advised the Pralls that the Veseys had failed to make the deposit of $15,000. The trial judge resolved that dispute in favor of the Pralls, specifically finding that Corum failed to inform the Pralls of the Veseys' "default" upon the deposit check in the amount of $15,000. We see no reason to disturb that finding.
As the closing date approached, Corum informed the Pralls that the Veseys could not obtain 80% mortgage financing and asked the Pralls if they would be willing to take back a purchase money second mortgage *993 in the amount of approximately $60,000. The Pralls indicated that they were willing to do so, but when they learned that the Veseys had obtained a mortgage commitment to the extent of $99,500, so that the taking back of a purchase money second mortgage of $60,000 would amount to 100% financing, they declined to accept those terms.
On the evening prior to the date set for closing, Corum contacted the Pralls and said that the Veseys expected to have the cash needed to close within a few days, but that the closing on the next day as scheduled could be accomplished only if the Pralls were willing to accept a purchase money second mortgage in the amount of $45,000 for two or three days. The Pralls agreed to this, with the suggestion that the term of the second mortgage should be a period of thirty days just in case any problems arose. The closing took place on that basis. It is undisputed that the cash needed by the buyers at closing, in the amount of approximately $15,000, was supplied through a loan made by Corum to the Veseys. Corum did not disclose that loan to the Pralls until some time after the closing. Corum received a commission of $8,480 and retained a loan obligation due him from the Veseys in the amount of $15,000. The Pralls took back a purchase money second mortgage from the Veseys in the amount of $45,226.48 payable in thirty days.
The Veseys never made any payment on the second mortgage, requiring the Pralls to foreclose that mortgage and find another buyer for their home. They brought this suit to recover Corum's commission of $8,480 and damages consisting of (1) their costs of foreclosure and (2) expenses incurred by them in connection with the resale of their property.
After a nonjury trial, the trial judge entered the final judgment from which the Pralls bring this appeal. As noted above, the trial judge found that Corum failed to inform the Pralls of the Veseys' default upon the deposit check in the amount of $15,000. The final judgment also recited the finding that the Pralls would not have accepted the second mortgage had the true circumstances been known to them. Notwithstanding these findings, the trial judge awarded to the Pralls only their costs of foreclosing the Veseys' second mortgage, the payments they had been required to make on the first mortgage in the interim, and utility bills they had paid with respect to their residence pending resale. In support of his denial of any other damages award to the Pralls and his denial of their claim for recovery of Corum's commission, the trial judge commented that "the [Pralls] allowed the contract for sale to continue in effect after a material breach" and that "the court cannot conclude that this sale would not have culminated in some other fashion than it did had the offer of a second mortgage been declined." The foregoing grounds are insufficient as a matter of law to support the result reached in this case; the trial judge erred in refusing to award the Pralls the amount of Corum's commission and all items of damages demanded by them.
The rule in Florida is that a real broker negotiating a sale of property for another is bound to disclose to his principal any facts known to him which are material to the transaction. Any concealment from the principal of material facts known to the broker will forfeit the broker's right to compensation for his services. Carter v. Owens, 58 Fla. 204, 50 So. 641 (1909). Nondisclosure of a material fact by a broker, where it occurs, will operate to bar his recovery of a commission even though the principal may have suffered no financial injury as a result thereof and may have received full value for the property sold. Crosby v. Ashley, 291 So.2d 12 (Fla.3d DCA 1974).
In the case before us Corum failed to disclose to his principals, the Pralls, the facts that (1) the Veseys never made a $15,000 deposit as recited in the contract for sale, and (2) Corum supplied the $15,000 which the Veseys should have deposited, and the sale was closed on that basis. Under the circumstances of this case, those facts were material facts and Corum's non-disclosure *994 bars his right to retain the commission which was paid to him to closing.
Ordinarily a broker cannot be deprived of his earned commission simply because it ultimately develops that the buyer is financially unable to complete the purchase. However, it is the broker's duty to deal with his principal in the utmost good faith and bring to his principal's attention such information as the broker might have concerning the buyer's financial inability to complete the purchase. The broker may not withhold from his principal any material information which he might have on this subject. Mason v. Bulleri, 25 Ariz. App. 357, 543 P.2d 478 (Ct.App. 1975).
In a case similar to that before us, the Court of Appeals of Maryland held that where a broker received a deposit check from a purchaser which the purchaser asked the broker not to negotiate and which in fact was never made good, the nondisclosure of this fact constituted the nondisclosure of a material fact barring any right of the broker to compensation. Sellner v. Moore, 251 Md. 391, 247 A.2d 523 (Ct.App. 1968). The court in that case pointed out that the contract required the purchaser to make a substantial cash payment within a year of closing and that had the seller known that the buyer could not come up with the $5,000, the seller might very well have concluded that it would be much less likely the buyer would have the substantial cash payment required to be made a year later. As noted above, the court in this case found specifically that the Pralls would not have accepted the second mortgage which they subsequently had to foreclose had the true circumstances been known to them.
The reasons given by the trial judge for denying the Pralls' recovery of Corum's commission apparently mean that the trial judge did not believe the nondisclosed facts to be material, in that the sale might have closed on some other basis had the Pralls declined to accept a purchase money second mortgage. That is speculative at best. Nothing in the record suggests that the Veseys could have obtained other financing. In any event, the Pralls were entitled to know all the circumstances. They might very well have repudiated the sale entirely had they known the Veseys could not come up with $15,000 from the date of the contract to the date of closing. More important, the Pralls' home was taken off the market for a period of months while the Pralls unknowingly were without protection against a default by the buyers.
REVERSED AND REMANDED with directions to enter a final judgment for the Pralls in accordance with this opinion.
HOBSON, Acting C.J., and RYDER, J., concur.